J-S03002-17

2017 PA Super 249

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RIKEA DSHON FARROW | |
| Appellant | No. 1576 WDA 2015 |

Appeal from the Judgment of Sentence September 10, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014532-2014

BEFORE:  OLSON, SOLANO and STRASSBURGER,* JJ.

OPINION BY OLSON, J.:                           **FILED JULY 27, 2017**

Appellant, Rikea Dshon Farrow, appeals from the judgment of sentence entered on September 10, 2015 in the Criminal Division of the Court of Common Pleas of Allegheny County, following her convictions for three counts of driving under the influence (DUI)-general impairment and the summary offense of accidents involving an unattended vehicle.  We affirm, in part, vacate, in part, and remand for resentencing consistent with the views expressed below.

The trial court prepared the following factual summary, which is undisputed on appeal.

> Shortly before 6:00 a.m. on June 22, 2014, Appellant was driving a red vehicle.  While driving, she struck two parked vehicles in the 200 block of Marshall Avenue in the City of Pittsburgh, and drove away from the scene.  Officers Peter Bechtold [and] Michael Douglas, and [Sergeant] Neal Marrabello[,] were dispatched to the 200 block of Marshall

_____
* Retired Senior Judge assigned to the Superior Court.

Avenue for "a hit and run by a red vehicle." At the accident site, the officers encountered two damaged vehicles: one vehicle had been struck from behind, causing it to hit the vehicle parked directly in front of it.

Approximately one quarter mile from the accident scene, officers observed a red vehicle with heavy front end damage. Appellant was sitting near this vehicle with the keys in her hand. Officer Bechtold approached Appellant and asked her what happened. Appellant told Officer Bechtold that she hit a speed bump, and it caused damage to her vehicle. Shortly after this, Appellant told Sergeant Marrabello that she struck a guardrail, causing the damage to her vehicle.

During these conversations, Appellant appeared visibly intoxicated. Specifically, she had glassy, bloodshot eyes, a strong odor of alcohol emanating from her mouth, her clothes were soiled and stained, her speech was slurred, and she was unbalanced on her feet. The officers determined that she was intoxicated to the point where it was unsafe for her to operate a motor vehicle. Officer Bechtold attempted to conduct a field sobriety test, but Appellant became combative and began yelling at Officers Bechtold and Douglas. Due to Appellant's belligerence and uncooperativeness, Officer Bechtold did not attempt any further field sobriety tests. Appellant was arrested and transported to the police station, where she refused to submit to an intoxilyzer test[.]

Trial Court Opinion, 6/23/16, at 4-5 (record citations and footnote omitted).

Based upon the foregoing events, the Commonwealth filed a four-count criminal information against Appellant on December 15, 2014. Count one charged Appellant with DUI-general impairment and refusing breath/blood alcohol testing in violation of 75 Pa.C.S.A. § 3802(a)(1) and 75 Pa.C.S.A. § 3804(c) of the Motor Vehicle Code. Count two charged Appellant with DUI-general impairment where an accident resulting in damage to a vehicle occurred in violation of 75 Pa.C.S.A. § 3802(a)(1) and 75 Pa.C.S.A.

§ 3804(b). Count three charged Appellant with DUI-general impairment in violation of 75 Pa.C.S.A. § 3802(a)(1). Count four charged Appellant with accident involving damage to attended vehicle in violation of 75 Pa.C.S.A. § 3743. Relevant to counts one through three, the information states in full:

> COUNT 1: DRIVING UNDER INFLUENCE OF ALCOHOL [OR] CONTROLLED SUBSTANCE
>
> The actor drove, operated or was in actual physical control of the movement of a vehicle, upon a highway or trafficway of the Commonwealth, after imbibing a sufficient amount of alcohol such that the actor was rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle, and the actor refused testing of blood or breath, in violation of Section 3802(a)(1) and Section 3804(c) of the Pennsylvania Vehicle Code, Act of June 17, 1976, 75 Pa.C.S.[A.] §[§] 3802(a)(1) and 3804(c), as amended.
>
> COUNT 2: DRIVING UNDER INFLUENCE OF ALCOHOL [OR] CONTROLLED SUBSTANCE
>
> The actor drove, operated or was in actual physical control of the movement of a vehicle, upon a highway or trafficway of the Commonwealth, after imbibing a sufficient amount of alcohol such that the actor was rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle, where there was an accident resulting in bodily injury, serious bodily injury or death of another person or in damage to a vehicle or other property, in violation of Section 3802(a)(1) and Section 3804(b) of the Pennsylvania Vehicle Code, Act of June 17, 1976, 75 Pa.C.S.[A.] §[§] 3802(a)(1) and 3804(b), as amended.
>
> COUNT 3: DRIVING UNDER INFLUENCE OF ALCOHOL [OR] CONTROLLED SUBSTANCE
>
> The actor drove, operated or was in actual physical control of the movement of a vehicle, upon a highway or trafficway of the Commonwealth, after imbibing a sufficient amount of alcohol such that the actor was rendered incapable of safely driving, operating or being in actual physical control of the movement of

the vehicle, in violation of Section 3802(a)(1) of the Pennsylvania Vehicle Code, Act of June 17, 1976, 75 Pa.C.S.[A.] § 3802(a)(1), as amended.

Criminal Information, 12/15/14.

Appellant proceeded to a nonjury trial that took place over the course of June 9, 2015 and July 23, 2015. At trial, the Commonwealth amended count four of the information to charge the summary offense of accidents involving unattended vehicle under 75 Pa.C.S.A. § 3745. At the conclusion of trial on July 23, 2015, the court found Appellant guilty at all four counts of the information, as amended. On September 10, 2015, the trial court sentenced Appellant to three to six days' incarceration, together with a concurrent term of six months' probation, at count one.[1] At the remainder of the counts set forth in the information (counts two through four), the trial court entered a determination of "guilty without further penalty." Order of Sentence, 9/10/15. Appellant did not file a post-sentence motion.

Appellant filed a timely notice of appeal on October 13, 2015.[2] By order of October 27, 2015, the trial court directed Appellant to file a concise

_____

[1] Recall that count one of the information accused Appellant of DUI-general impairment and refusal to submit to testing of her blood or breath, in violation of 75 Pa.C.S.A. §§ 3802(a)(1) and 3804(c).

[2] Thirty days from September 10, 2015 was October 10, 2015. October 10, 2015, however, was a Saturday and Monday, October 12, 2015, was the Columbus Day holiday. Hence, Appellant's October 13, 2015 filing was timely. *See* 1 Pa.C.S.A. § 1908 (omitting Saturday, Sunday, and legal holidays from time computations).

statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After receiving an extension of time in which to obtain relevant transcripts of the trial court proceedings, Appellant filed her concise statement on April 13, 2016. Thereafter, the trial court issued its Rule 1925(a) opinion on June 23, 2016.

Appellant raises a single issue for our consideration:

Did the trial court violate the prohibition on double jeopardy by convicting [Appellant] of three separate DUI offenses based upon a single instance of conduct, where two of those offenses were not separate crimes but, rather, merely sentencing factors?

Appellant's Brief at 5 (block capitalization omitted).

Appellant contends that the trial court violated the protection against double jeopardy under the United States and Pennsylvania Constitutions[3] in convicting and sentencing her for three DUI offenses stemming from a single

---

[3] The double jeopardy clause of the United States Constitution provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Pennsylvania's double jeopardy clause declares: "No person shall, for the same offense, be twice put in jeopardy of life or limb." Pa. Const. art. 1, § 10. The Pennsylvania Supreme Court has held that Pennsylvania's double jeopardy clause "involves the same meaning, purpose, and end [as the double jeopardy clause in the United States Constitution], thus, [Pennsylvania's clause] has generally been construed as coextensive with its federal counterpart." *Commonwealth v. McGee*, 744 A.2d 754, 756 n.2 (Pa. 2000) (internal quotations and citations omitted); *Commonwealth v. Hallman*, 67 A.3d 1256, 1260 (Pa. Super. 2013), *appeal denied*, 84 A.3d 1062 (Pa. 2014).

episode of criminal conduct.[4]  Before we examine the merits of this claim, we first determine whether Appellant properly preserved it for appellate review.  *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

The Commonwealth argues that Appellant waived appellate review of her sole issue because she failed to object to the criminal information, or otherwise raise her appellate claim, before the trial court.  *See* Commonwealth Brief at 8.  In support of its position, the Commonwealth submits that Appellant's initial inclusion of her claim in her concise statement is insufficient to preserve the issue for purposes of appeal.  *See id*. at 8-9, *quoting* *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1288-1289  (Pa. Super. 2004) ("[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order").  The Commonwealth also asserts that "the fact that [A]ppellant raised her claims in constitutional terms does not [alter the conclusion that her claims are subject to waiver]."  Commonwealth Brief at 9, *quoting* *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008) ("Even issues of constitutional dimension cannot be raised for the first time on appeal.").  For these reasons, the Commonwealth concludes that Appellant waived her double

---

[4] Appellant raises no challenge relating to the charge leveled at count four of the information.  Hence we shall affirm her conviction and sentence for accidents involving unattended vehicle without further discussion.

- 6 -

jeopardy challenge based upon the form of the criminal information and the verdict/sentencing disposition rendered thereon. Commonwealth Brief at 9-10.

Appellant does not dispute the Commonwealth's contention that she lodged no objection to the form of the information before the trial court or that she first raised her appellate claim in her concise statement. Instead, Appellant analogizes her claim to a challenge to the sufficiency of the evidence and, alternatively, to a challenge to the legality of her sentence. With respect to the first component of her preservation argument (*i.e.*, likening the present claim to a sufficiency challenge), Appellant accepts that the evidence was sufficient to support a finding that she committed a single DUI offense, but argues nonetheless that the record is **in**sufficient to sustain convictions for two additional DUI offenses. *See* Appellant's Reply Brief at 1. As to the second part of her argument (*i.e.*, analogizing the instant issue to a legality of sentencing claim), Appellant asserts that her double jeopardy claim represents a constitutional challenge to the legality of her sentence, which is not subject to waiver even if it is raised for the first time on appeal.[5] *Id*. at 3. Appellant maintains that since her claim represents either a

---

[5] Here, Appellant points out that, under Pennsylvania law, a "sentence" is not limited to a term of incarceration or probation but also includes a determination of guilt without further penalty. *See* Appellant's Reply Brief at 3, n.1, *citing* 42 Pa.C.S.A. § 9721(a)(2) (in fixing sentence trial court may consider and impose, *inter alia*, "a determination of guilt without further penalty").

sufficiency challenge or a challenge to the legality of her sentence, her failure to raise the claim before the trial court does not impede appellate review. **See** Appellant's Reply Brief at 1-3, *citing* Pa.R.Crim.P. 606(A)(7) (allowing defendant to challenge sufficiency of evidence to sustain conviction by raising issue for first time on appeal); **see also Commonwealth v. Robinson**, 931 A.2d 15, 19–20 (Pa. Super. 2007) (*en banc*) ("A challenge to the legality of the sentence may be raised [on appeal] as a matter of right, is non-waivable, and may be entertained [as] long as the reviewing court has jurisdiction.").

Within the context of this appeal, we are unwilling to characterize Appellant's present claim as a challenge to the sufficiency of the evidence. Appellant nowhere claims that the undisputed record in this appeal is insufficient to establish that she committed a DUI offense. She does not seek wholesale discharge, but instead asks us to direct the trial court to invalidate two of her DUI convictions at resentencing. **See** Appellant's Brief at 27 (under "conclusion"). In fact, the sufficiency of the Commonwealth's proof that she committed a DUI offense comprises part and parcel of Appellant's claim that the record fails to demonstrate that she committed the two other DUI offenses for which she was convicted. Setting aside, then, the undisputed sufficiency of the Commonwealth's evidence that Appellant committed a DUI offense, it is the remainder of Appellant's "sufficiency" challenge, *i.e.* that the trial court erred in finding Appellant guilty without

further penalty at two additional DUI counts, which forms the core of Appellant's claim for relief. As we explain below, this aspect of Appellant's "sufficiency" challenge is practically indistinguishable from her double jeopardy challenge to the validity of her sentence. Thus, for the reasons that follow, we shall undertake appellate review on grounds that Appellant's claim is not subject to waiver because she has come forward with a colorable double jeopardy objection to the legality of her sentence.

In **Robinson**, **supra**, this Court identified the types of claims exempt from waiver because they involve challenges to the legality of a sentence. We announced that the term "illegal sentence" referred to a class of cases that includes: "(1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in **Apprendi v. New Jersey**, 530 U.S. 466 (2000)." **Robinson**, 931 A.2d at 21 (citations omitted). We explained in **Robinson** that illegal sentencing claims challenge "the fundamental legal authority of the court to impose the sentence that it did." **Id**.

We read Appellant as advancing two separate, but closely related, double jeopardy challenges to her judgment of sentence. Citing **Ball v.**

*United States*, 470 U.S. 856 (1985),[6] Appellant argues that the protection against double jeopardy precluded the trial court from convicting and sentencing her for three DUI offenses stemming from a single episode of driving under the influence in violation of 75 Pa.C.S.A. § 3802(a)(1). **See** Appellant's Reply Brief at 1-3. Under **Ball**, Appellant reasons that two of her convictions are unlawful, even though the trial court imposed no additional penalty for those guilty verdicts. In the alternative, Appellant appears to argue that, because a sentence under 42 Pa.C.S.A. § 9721(a)(2) may include a determination of guilt without further penalty, the trial court impermissibly imposed multiple sentences for a single criminal act. Since these contentions plainly challenge the validity of Appellant's judgment of

---

[6] In **Ball**, the United States government charged the defendant, a convicted felon, of receiving a firearm in violation of 18 U.S.C. § 922(h)(1) and possessing that same firearm in violation of 18 U.S.C. § 1202(a)(1). Following conviction, the district court sentenced the defendant to consecutive punishments. The court of appeals remanded the case with instructions to impose concurrent sentences. The United States Supreme Court reversed. Applying the test announced in **Blockburger v. United States**, 284 U.S. 299 (1932), the Court determined that, "proof of illegal receipt of a firearm **necessarily** includes proof of illegal possession of that weapon." **Ball**, 470 U.S. at 862 (emphasis in original). Based on this assessment, the Court, while recognizing the government's broad discretion to simultaneously prosecute violations of §§ 922((h) and 1202(a), concluded that Congress did not intend to subject individuals in the defendant's position to two convictions for the same criminal act. In the absence of legislative history that supported multiple convictions and punishments for a single act that constituted both receipt and possession of a firearm in violation of §§ 922(h)(1) and 1202(a)(1), the Court held that proper remedy was for the district court to vacate one of the defendant's convictions.

sentence under double jeopardy principles, we conclude that the present claim is not subject to waiver and may be raised for the first time on appeal. *See Commonwealth v. Foster*, 960 A.2d 160, 164 (Pa. Super. 2008) ("argument premised upon double jeopardy-merger principles is considered to relate to the legality of sentence"), *affirmed*, 17 A.3d 332 (Pa. 2011). Accordingly, we turn to the merits of Appellant's claims.

As we stated, the thrust of Appellant's argument on appeal is that the trial court violated the protection against double jeopardy by convicting and sentencing her for three counts of DUI-general impairment stemming from a single episode of criminal conduct. In developing this claim, Appellant argues that the first three counts set forth in the information are virtually identical in that they all allege a DUI-general impairment offense that violated 75 Pa.C.S.A. § 3802(a)(1). Count one, however, adds a penalty enhancement for refusing blood or breath tests in violation of 75 Pa.C.S.A. § 3804(c) and count two adds an enhancement for accidents resulting in bodily injury, serious bodily injury or death, or damage to vehicle of other property in violation of 75 Pa.C.S.A. § 3804(b). Appellant explains that § 3804 (entitled penalties) is a sentencing scheme setting forth mandatory punishments for violating § 3802(a) under certain, identified conditions and, as such, § 3804 does not create substantive offenses for purposes of charging and convicting alleged offenders. Because § 3804 is not a criminal statute, Appellant concludes that the trial court's disposition at counts one,

two, and three of the information constitutes multiple convictions and sentences arising from a single instance of DUI-general impairment.

Appellant, anticipating the Commonwealth's reliance on our opinion in *Commonwealth v. Mobley*, 14 A.3d 887 (Pa. Super. 2011), cites *Ball* and argues that the protection against double jeopardy precludes multiple convictions based upon the same criminal act. Appellant also argues that the trial court subjected her to multiple sentences for the same criminal act since a sentence under 42 Pa.C.S.A. § 9721(a)(2) may include a determination of guilt without further penalty. Lastly, Appellant asks us to revisit *Mobley*'s observation that we may refrain from finding a double jeopardy violation where the trial court does not sentence the defendant on both counts of an information that twice charges identical DUI offenses to indicate a refusal of breath or blood alcohol testing. *See* Appellant's Brief at 24-25.

The Commonwealth defends its charging practices and Appellant's multiple DUI convictions by citing prior decisions issued by this Court and the United States Supreme Court. In particular, the Commonwealth points to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), wherein the Court held that prosecutors must give notice to an accused of factors necessary for the imposition of a mandatory minimum sentence and that an accused has the right to have those factors determined by the factfinder beyond a reasonable doubt. The Commonwealth argues that the information filed in

this case reflects its effort to comply with constitutional requirements mandated in **Alleyne**. The Commonwealth also directs our attention to **Commonwealth v. Langley**, 145 A.3d 757 (Pa. Super. 2016), in which this Court rejected a challenge to a charging document that alleged, in a single count, that the defendant committed a DUI-general impairment offense and thereafter included subparts stating that the defendant would be subject to the enhanced penalties found in 75 Pa.C.S.A. §§ 3804(b)(2), 3804(c), and 3804(c.1). Although the Commonwealth acknowledges that the information here, unlike the charging document in **Langley**, included the two § 3804 enhancements at separate counts, it argues that this distinction is insignificant. Moreover, the Commonwealth insists that the charging practice followed in this case is consistent with the prosecution's duty to give notice of enhanced penalties.

The Commonwealth also argues that if sentencing enhancements are viewed as "elements" of a crime,[7] then enhancements for accidents/property

_____

[7] The Commonwealth cites the following authorities in support of this contention. **See Apprendi v. New Jersey**, 530 U.S. 466, 490 (2000) ("facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime) (internal quotation marks omitted); **id.** at 483 n.10 ("facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense"); **id.** at 478 ("Any possible distinction between an 'element' of a felony offense and a 'sentencing factor' was unknown to the practice of criminal indictment, trial by jury, and judgment by court as it existed during the years surrounding our Nation's founding.") (footnote
*(Footnote Continued Next Page)*

- 13 -

damage or refusal to allow blood or breath testing constitute new, aggravated offenses that can be charged as separate counts that do not merge since each enhancement contains an element that the other does not. *See* Commonwealth Brief at 14, *citing* 42 Pa.C.S.A. § 9765. The Commonwealth concludes that since no Pennsylvania appellate court has adopted or applied **Ball**, the only way to effectuate **Alleyne**'s notice and adjudicatory requirements is to hold that while separate sentences may violate double jeopardy protections, separate convictions do not.

We employ the following principles in reviewing Appellant's claims in this appeal.

> An appeal grounded in double jeopardy raises a question of constitutional law. This Court's scope of review in making a determination on a question of law is, as always, plenary. **Commonwealth v. Mattis**, 686 A.2d 408, 410 (Pa. Super. 1996).
>
> > "The Double Jeopardy Clause, applicable to the States through the Fourteenth Amendment, provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.'" **Commonwealth v. Decker**, 664 A.2d 1028, 1029 (Pa. Super. 1995) (*citing* [U.S. Const. amend. V.). "Furthermore, the Double Jeopardy Clause [] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." **Id.**
>
> **Commonwealth v. Jackson**, 10 A.3d 341, 344-345 (Pa. Super. 2010). Typically, to determine whether a defendant's protection

*(Footnote Continued)* ───────────────

omitted); **Alleyne**, 133 S.Ct. at 2159 ("If a fact was by law essential to the penalty, it was an element of the offense.").

- 14 -

from multiple punishments for the same offense has been violated, we apply the test set forth in [**Blockburger**;] [**s**]*ee* **Commonwealth v. Beckwith**, 674 A.2d 276, 279 (Pa. Super. 1996). The [United States] Supreme Court explained this test as follows:

> In both the multiple punishment and multiple prosecution contexts, th[e United States Supreme] Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. The same-elements test, sometimes referred to as the **Blockburger** test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution.

**United States v. Dixon**, 509 U.S. 688, 696 (1993). We have long followed the "same-elements" test of **Blockburger** in this Commonwealth. **See** [**Jackson**, 10 A.3d at 344–345].

**Hill v. Randolph**, 24 A.3d 866, 871 (Pa. Super. 2011) (parallel citations omitted).

Appellant's challenge is an unusual one. She does not rely on an application of the **Blockburger** test since there is no doubt that her three DUI-general impairment convictions under § 3802(a)(1) all involve the same elements. Instead, the challenge that confronts Appellant is whether her claim falls within the scope of the double jeopardy protection against multiple punishments for the same offense. While it is clear that double jeopardy shields defendants from multiple **punishments** for the same offense, there is no Pennsylvania authority for the proposition that double jeopardy precludes multiple **convictions** for the same offense. To overcome this hurdle, Appellant cites **Ball**, in which the United States Supreme Court

vacated separate convictions entered against a convicted felon for receiving and possessing a firearm. In the alternative, Appellant argues that her sentence of "guilty without further penalty," which she received at counts two and three, constitutes a "sentence" or "punishment" for purposes of the protection against double jeopardy.

Under the circumstances of this case, we are inclined to agree with Appellant's latter position. In *Ball*, the United States Supreme Court framed its analysis in terms of Congressional intent. In fact, the term "double jeopardy" appears nowhere in the majority's opinion. Given that Pennsylvania's double jeopardy jurisprudence prohibits multiple punishments, but not convictions, for the same offense, we are reluctant to incorporate and apply the holding in *Ball* as a component of Pennsylvania law. Nonetheless, since a court may impose "guilt without further penalty" as a sentence under 42 Pa.C.S.A. § 9721(a)(2), we shall treat the dispositions at counts two and three as sentences for purposes of our double jeopardy analysis.

Our discussion starts with the prior decision of this Court in *Mobley*, which both parties cite and which discusses many issues relevant to this appeal. In *Mobley*, the trial court convicted the defendant of two separate counts of DUI-general impairment arising out of the same incident, where one count alleged that the accused refused breath/blood testing. The only issue raised by the defendant on appeal was whether there was sufficient

evidence to convict him of DUI-general impairment. After rejecting the defendant's sufficiency challenge, the panel *sua sponte* turned to double jeopardy issues raised by the defendant's two convictions for DUI-general impairment. After reviewing §§ 3802 and 3804, the panel concluded that the provisions found in § 3804 were not elements of DUI offenses and "delineate[ only] the applicable penalties to which a defendant is subject when convicted of DUI." *Mobley*, 14 A.3d at 894. With respect to the refusal of blood/breath testing, the panel stated:

> The refusal of a blood alcohol content ("BAC") test is not a separate element under 75 Pa.C.S. § 3802; rather, those who refuse a BAC test must be charged pursuant to 75 Pa.C.S. § 3802(a)(1), general impairment. Since refusal of a breath/blood test is not an element of the criminal offense that pertains to guilt, the court should not have [twice] convicted [Mobley] of the same criminal offense, DUI-general impairment, arising out of the identical criminal episode. Instead, [Mobley] should have been convicted of one count of DUI-general impairment and been subject to the sentencing enhancement provided by statute relative to a blood or breath test refusal. *See* 75 Pa.C.S. § 3803(b)(2)(4); 75 Pa.C.S. § 3804(c).

*Mobley*, 14 A.3d at 891.

Although the decision in *Mobley* pre-dated *Alleyne*, the panel astutely noted the emerging line of authority under *Apprendi*, *supra* and its progeny which held that any fact that increased a maximum penalty, except a prior conviction, required proof beyond a reasonable doubt, regardless of whether the fact is labeled as an element of the offense or a sentencing factor. *See Mobley*, 14 A.3d at 893. In view of these emerging requirements, the panel acknowledged the Commonwealth's practice of filing

- 17 -

criminal informations with two general impairment counts to facilitate adjudication by trial judges and avoid running afoul of **Apprendi**. Such cases, the panel noted, confronted defendants with two charges of § 3802(a)(1). **Mobley**, therefore, cautioned that: "Charging the identical criminal offense twice in the criminal information to indicate that one count is alleging that a breath test/blood test refusal transpired constitutes duplication of counts and creates possible double jeopardy implications if the individual is sentenced on each count." **Mobley**, 14 A.3d at 894. The **Mobley** panel declined to order relief, however, since the trial court did not sentence the defendant on both counts. **Id**. To avoid potential double jeopardy concerns, **Mobley** suggested that the Commonwealth file its charging documents with a single count of § 3802(a)(1) and simply add any applicable enhancements to that single count.

After careful review, we are persuaded that, pursuant to the guidance supplied in **Mobley**, the trial court violated Appellant's protection against double jeopardy. Here, the trial court imposed three separate sentences at three counts that each alleged, at bottom, a single criminal act in violation of the same criminal statute.[8] As Appellant points out, such a disposition poses

_____

[8] In its opinion, the trial court acknowledges that Appellant was charged with and convicted of three counts of violating § 3802(a)(1). Trial Court Opinion, 6/23/16 at 6. However, the trial court concludes that Appellant's double jeopardy protections were not violated since she was only sentenced at count one, and the remaining DUI convictions merged for sentencing
*(Footnote Continued Next Page)*

significant collateral consequences, including unwarranted enhancement of

her prior record score (or prior DUI offense history) in subsequent criminal

proceedings and unjustified impediments to restoration of her driving

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

purposes.  ***Id.***  This conclusion, however, is flawed.  The trial court did not merge Appellant's sentences but instead imposed "guilt without further penalty" at counts two and three.  Order of Sentence, 9/10/15.  As we have noted above, "guilt without further penalty" constitutes a sentence.  ***See*** 42 Pa.C.S.A. § 9721(a)(2).  Moreover, the court's conclusion conflicts with important concepts explained in ***Ball***.  There, the defendant was convicted of two separate crimes - possession and receiving a firearm - and ultimately sentenced to three years' imprisonment on the receipt count and two years' imprisonment on the possession count, to run concurrently.  The Supreme Court disagreed, however, and remanded the case to the trial court to vacate one of the judgments.  In reaching this conclusion, the Court noted that "'punishment' may be the equivalent of a criminal conviction and not simply the imposition of sentence."  ***Ball***, 470 U.S. at 861.  The High Court went on to state:

> The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence.  The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored.  For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense.  Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal convictions.  Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.

***Id.*** at 864-865 (emphasis omitted; internal quotations omitted).  Similarly, Appellant's convictions for all three counts of DUI simply do not evaporate merely because the trial court deemed the counts to have merged for sentencing purposes resulting in no further penalty for the convictions at counts two and three.  In this case, mere convictions that carry a sentence of "no further penalty" are an impermissible punishment.

privileges. *See* Appellant's Brief at 22, *citing* **Bell v. Commonwealth Dep't of Transportation**, 96 A.3d 1005, 1019-1020 (Pa. 2014) (Penn DOT may issue multiple driver's license suspensions for multiple convictions regardless of whether convictions merge for sentencing purposes and regardless of whether they arose from a single criminal episode).

We further conclude that we are not bound by **Mobley**'s refusal to grant relief. As a preliminary matter, Mobley did not raise and litigate a double jeopardy claim in the context of his appeal. It appears that the panel offered its analysis as gratuitous guidance for use in future litigation. **See In re L.J.**, 79 A.3d 1073, 1081 (Pa. 2013) (observing that *stare decisis* applies only to issues actually raised, argued and adjudicated, and only where the decision was necessary to the determination of the case). In addition, **Mobley**'s determination to withhold relief rested on two cases, **Commonwealth v. McCoy**, 895 A.2d 18 (Pa. Super. 2006) and **Commonwealth v. Williams**, 871 A.2d 254 (Pa. super. 2005), which involved issues of merger that are not present in this case. In **McCoy**, the defendant was charged with violating § 3802(a)(1) (DUI-general impairment) and § 3802(c) (DUI-highest rate). Similarly, in **Williams**, the defendant was charged with violating § 3731(a)(1) (DUI-general impairment) (repealed) and § 3731(a)(4)(i) (DUI-blood alcohol concentration 0.10% or greater) (repealed). The sentences imposed respectively in **McCoy** and **Williams** merged because all of the elements of

the general impairment offenses were included within the elements of the more serious offenses. Here, however, the double jeopardy issue did not emerge because one act resulted in multiple convictions under **distinct** DUI statutes. Instead, the issue here is whether a single criminal act can result in multiple sentences for violations of the **same** DUI provision. We conclude that it cannot.

This assessment is relevant to our rejection of a separate argument advanced by the Commonwealth. In support of Appellant's multiple convictions and sentences, the Commonwealth suggests that because the enhancements found in § 3804 are analogous to distinct elements of a criminal offense, different enhancements may be alleged separately and are not subject to merger. **See** Commonwealth's Brief at 13-14. We are unpersuaded by this analogy. The passage in **Commonwealth v. Hopkins**, 117 A.3d 247, 256-257 (Pa. 2015) upon which the Commonwealth relies, when read in context, was intended to stress the new notice and adjudicatory standards ushered in by **Alleyne**. It did not purport to overturn **Mobley**'s prior determination that the enhancements found in § 3804 are not elements of a DUI offense. The doctrine of merger applies were multiple "crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765. Where these conditions are met, "the court may sentence the defendant only on the higher graded offense." **Id.** Here,

in contrast, a single criminal act violated a single criminal statute and the resulting sentence was subject to two distinct § 3804 enhancements, so long as proper notice and adjudicatory standards were followed. The concept of merger is inapplicable in these circumstances.

While we acknowledge the Commonwealth's newly emerged duties under *Alleyne* and progeny, we are not convinced that the charging instrument employed in this case, with its attendant consequences, was the only method by which the Commonwealth could discharge its obligations. In *Mobley*, a previous panel of this Court cautioned the Commonwealth about potential problems with its charging procedures and suggested a means to avoid those pitfalls. Moreover, the variance between the information approved in *Langley* and the charging document filed in this case is the very feature that led to the imposition of multiple sentences for the same offense.[9] We cannot conclude, as the Commonwealth suggests, that these differences were insignificant.

_____

[9] Specifically, count one of the criminal information at issue in *Langley* charged the defendant with DUI-general impairment under § 3802(a)(1) and DUI-high rate of alcohol under § 3802(a)(2). *Langley*, 145 A.3d at 758. The count went on to state that the defendant was subject to the enhanced penalty contained in § 3804(b)(2) as his DUI violation under § 3802(a)(1) resulted in an accident that caused bodily injury or property damage. Count one also listed the mandatory minimum provisions in § 3804(c) for refusal of testing blood or breath and § 3804(c.1) for violations involving a minor occupant. *Id.* at 758-759. Thus, Mr. Langley was charged with only one count of DUI (with notice provided in that count of the applicable sentence
*(Footnote Continued Next Page)*

In the future, where a single DUI offense is subject to enhancements, the Commonwealth should file a criminal information that sets forth a single count under § 3802.[10] Enhancements under § 3804 may be added as subparts or subparagraphs, as appropriate. This will eliminate identical criminal conduct leading to multiple convictions and sentences under the same criminal statute and, simultaneously, supply the accused with the requisite notice required under **Alleyne**. This method will also allow the factfinder to make the necessary findings with respect to § 3804 enhancements, as **Alleyne** also commands.

While our decision vindicates important protections against double jeopardy, it is not our intent to elevate form over substance. In this case, the Commonwealth gave Appellant notice of the § 3804 enhancements that it intended to pursue and proved their application beyond a reasonable doubt. The Commonwealth, therefore, should not be hindered by our decision herein. For these reasons, we vacate Appellant's convictions and sentences at counts one and two, affirm Appellant's conviction but vacate

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

enhancements) as opposed to the case _sub judice_ where Appellant was charged with and convicted of three separate counts of DUI.

[10] To be clear, the Commonwealth may charge separate counts, as appropriate, where the conduct at issue exposes the defendant to criminal liability under multiple and distinct criminal provisions found in § 3802, such as DUI-general impairment under § 3802(a)(1) and DUI-highest rate under § 3802(c). In such cases, if the Commonwealth seeks to add sentencing enhancements under § 3804, such enhancements may be added as subparts or subparagraphs under each count.

her sentence at count three, and remand for resentencing at count three. We also affirm Appellant's conviction and sentence at count four. In fixing Appellant's sentence at count three, the trial court shall take into account its prior findings as to the application of the § 3804 enhancements made in connection with its deliberations on counts one and two. In so doing, the court should also consider the recent opinions in ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016) and ***Commonwealth v. Giron***, 2017 WL 410267 (Pa. Super. 2017), which hold that a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S.A. §§ 3803–3804.

Convictions and judgments of sentence vacated as to counts one and two. Conviction affirmed but judgment of sentence vacated at count three. Conviction and judgment of sentence affirmed at count four. Case remanded for resentencing at count three. Jurisdiction relinquished.

Solano, J. joins this opinion.

Strassburger, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

J-S03002-17

Date: 7/27/2017