J-S42010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

        Appellee

        v.

CHARLES LEE CAROTHERS, JR.,

        Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1388 MDA 2016

Appeal from the Judgment of Sentence July 26, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002405-2015

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:        **FILED AUGUST 25, 2017**

Appellant, Charles Lee Carothers, Jr., appeals from the judgment of sentence entered on July 26, 2016.  We affirm.

The factual background of this case is as follows.  On May 2, 2015, Appellant was stopped by Officer Michael Reibsane of the Middlesex Township Police Department.  Officer Reibsane suspected that Appellant was driving under the influence of alcohol and placed him under arrest. Appellant was read the DL-26 implied consent form and declined to provide a blood sample.

The procedural history of this case is as follows.  On November 16, 2015, the Commonwealth charged Appellant via criminal information with

two counts of driving under the influence – general impairment ("DUI"),[1] fleeing police,[2] and speeding.[3]  On March 24, 2016, Appellant pled guilty to DUI and recklessly endangering another person.[4]

On June 27, 2016, Appellant moved to withdraw his guilty plea.  The trial court conducted an evidentiary hearing and, on July 26, 2016, denied the motion.  That same day, the trial court sentenced Appellant to an aggregate term of six to twelve months' imprisonment followed by 18 months' probation.  This timely appeal followed.[5]

Appellant presents two issues for our review:

1. Did the [trial] court abuse its discretion when it denied the withdrawal of Appellant's guilty plea prior to sentencing where Appellant had practical reasons for wishing to withdraw?

2. Had the [trial] court not abused its discretion in denying the withdrawal of Appellant's guilty plea, would Appellant have been able to file pretrial motions to dismiss the DUI charges pursuant to ***Birchfield v. North Dakota***[, 136 S.Ct. 2160 (2016)?]

---

[1] 75 Pa.C.S.A. § 3802(a)(1).  Appellant was charged with one count of DUI and one count of DUI with refusal for the same conduct.  This Court disapproves of this charging practice and has provided guidance on how the Commonwealth should handle these situations.  ***See generally Commonwealth v. Farrow***, 2017 WL 3185316 (Pa. Super. July 27, 2017).

[2] 75 Pa.C.S.A. § 3733(a).

[3] 75 Pa.C.S.A. § 3362(a)(3).

[4] 18 Pa.C.S.A. § 2705.

[5] On August 26, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  ***See*** Pa.R.A.P. 1925(b).  On September 15, 2016, Appellant filed his concise statement.  On October 19, 2016, the trial court issued its Rule 1925(a) opinion.  Both of Appellant's issues were included in his concise statement.

Appellant's Brief at 6 (complete capitalization and emphasis omitted).

In his first issue, Appellant argues that the trial court erred in denying his motion to withdraw his guilty plea. "We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion." **Commonwealth v. Islas**, 156 A.3d 1185, 1187 (Pa. Super. 2017) (citation omitted). Pennsylvania Rule of Criminal Procedure 591(A) provides that, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

"Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed." **Commonwealth v. Kpou**, 153 A.3d 1020, 1022 (Pa. Super. 2016) (internal alteration, ellipsis, and citation omitted). "[I]n determining whether to grant a presentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice." **Commonwealth v. Elia**, 83 A.3d 254, 262 (Pa. Super. 2013) (internal quotation marks and citation omitted). Therefore, if the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth. **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1287 (Pa. 2015) (citation omitted).

Appellant argues that the fair and just reason for permitting the withdrawal of his guilty plea was that it was affecting his ability to find a job. Specifically, Appellant avers that he was applying for jobs as a commercial truck driver and that his guilty plea prevented him from being hired. We conclude that the trial court reasonably concluded that Appellant's DUI conviction was not affecting his ability to find a new job.

Appellant was convicted of 19 offenses between 1994 and 2011. *See Commonwealth v. Carothers*, CP-21-CR-0003145-2010 (attempt to possess with intent to deliver a controlled substance); *Commonwealth v. Carothers*, CP-21-CR-0002437-2007 (simple assault); *Commonwealth v. Carothers*, CP-22-CR-0004115-2006 (escape, resisting arrest, simple assault, and criminal mischief); *Commonwealth v. Carothers*, CP-21-CR-0000051-2002 (resisting arrest); *Commonwealth v. Carothers*, CP-21-CR-0001427-2000 (theft by unlawful taking and criminal trespassing); *Commonwealth v. Carothers*, CP-21-CR-0001854-1999 (making terroristic threats); *Commonwealth v. Carothers*, CP-21-CR-0000284-1999 (theft by deception); *Commonwealth v. Carothers*, CP-21-CR-0001237-1998 (possession with intent to deliver a controlled substance);[6] *Commonwealth v. Carothers*, CP-21-CR-0001470-1996 (possession with intent to deliver a controlled substance); *Commonwealth v. Carothers*,

---

[6] Appellant also sought to withdraw his guilty plea in that case. The trial court denied that motion and this Court affirmed. *Commonwealth v. Carothers*, 697 MDA 1999 (Pa. Super. Feb. 8, 2000) (unpublished memorandum).

CP-21-CR-0001449-1996 (conspiracy to possess with intent to deliver a controlled substance); *Commonwealth v. Carothers*, CP-21-CR-0002129-1995 (theft by deception); *Commonwealth v. Carothers*, CP-21-CR-0002128-1995 (possession with intent to deliver a controlled substance); *Commonwealth v. Carothers*, CP-21-CR-0001797-1994 (retaliation against a witness); *Commonwealth v. Carothers*, CP-21-CR-0001210-1994 (harassment); and *Commonwealth v. Carothers*, CP-21-CR-0000374-1994 (harassment). The trial court found that these convictions were the reason that Appellant was unable to secure a truck driving job.

We ascertain no abuse of discretion in this finding. As noted above, the trial court held an evidentiary hearing on Appellant's motion to withdraw. At that hearing, Appellant only presented his own testimony. He did not present the testimony of any potential employers nor did he present any documentary evidence. Thus, the only evidence Appellant offered was his own self-serving testimony regarding why he was unable to secure a truck driving job. Appellant's prior convictions were for very serious offenses. In addition to multiple drug offenses, Appellant was previously convicted of multiple theft offenses, resisting arrest, and escape. The trial court reasonably found that these serious convictions were the reason Appellant was having difficulty securing a job as a truck driver.

Appellant argues that this case is analogous to *Islas*, in which this Court found that information received from new defense counsel regarding

defenses available to him at trial was a fair and just reason for permitting withdrawal. This argument is without merit for two reasons. First, in this case the alleged new legal information available to Appellant was regarding the collateral consequences of his conviction. Specifically, Appellant alleges that he only learned that his DUI conviction would appear on a background check after he pled guilty. On the other hand, in **Islas** the new legal information affected the guilt portion of a potential trial. Second, and more importantly, as noted above, the trial court reasonably found that the effect of his present guilty plea on his ability to find a truck driving job is non-existent. As such, Appellant failed to show a fair and just reason for withdrawing his guilty plea and the trial court's denial of his motion to withdraw his guilty plea was not manifestly unreasonable. **Cf. Commonwealth v. Biesecker**, 161 A.3d 321, 329 (Pa. Super. 2017) (citation omitted) ("An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record."). As we conclude the trial court did not err by denying Appellant's motion to withdraw his guilty plea, we need not address his second issue which is conditioned upon the trial court having abused its discretion in denying his motion to withdraw his guilty plea. Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017