J-S54009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANASTASIA PROVIANO | : | |
| | : | |
| Appellant | : | No. 1451 WDA 2017 |

Appeal from the Judgment of Sentence July 18, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0007702-2016

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED NOVEMBER 06, 2018**

Anastasia Proviano appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following her three convictions for driving under the influence. Appellant contends these convictions violate her right of protection under the Double Jeopardy Clauses of both the United States and Pennsylvania Constitutions. We affirm in part, reverse in part, and remand for resentencing.

A detailed summary of the facts and procedural history of this case is unnecessary to our disposition. Briefly, following a single criminal incident, Appellant was charged with three separate counts of driving under the influence. Count one charged Appellant with driving under the influence ("DUI"), 75 Pa.C.S.A. § 3802(a)(1), and a sentencing enhancement for refusing criminal testing, 75 Pa.C.S.A. § 3804(c). Count two charged Appellant

with DUI, § 3802(a)(1), and a sentencing enhancement for damage to a vehicle § 3804(b). And count 3 charged Appellant with DUI, § 3802(a)(1).

After a bench trial on April 20, 2017, the court convicted Appellant of all three DUI counts, as well as a single count of reckless driving.[1] The trial court sentenced Appellant to 30 days intermediate punishment with a concurrent term of 6 months' probation at count one. At counts two and three, the trial court indicated "[a] determination of guilty without further penalty." Sentencing Order, 7/18/17. This timely appeal follows the denial of Appellant's post-sentence motion.

On appeal, Appellant's sole claim is that, because her DUI convictions stemmed from a single criminal incident, her convictions and sentences for these offenses violate her rights under the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions.[2] Appellant relies upon *Commonwealth v. Farrow*, 168 A.3d 207 (Pa. Super. 2017).

In *Farrow*, a panel of this Court, presented with a similar factual scenario and issue on appeal, determined that the imposition of "three separate sentences at three counts that each alleged, at bottom, a single criminal act in violation of the same criminal statute" violates an appellant's protection against double jeopardy. *See id*., at 216 (footnote omitted).

---

[1] 75 Pa.C.S.A. § 3736(a). This conviction is not at issue here.

[2] The Commonwealth agrees with Appellant and requests that we remand for resentencing. *See* Commonwealth's Brief, at 4-8.

The trial court argues that double jeopardy is not implicated here because it did not impose further penalties at counts two and three. *See* Trial Court Opinion, 1/23/18 at 4 (unpaginated). *Farrow*, however, explicitly rejects this reasoning. *See* 168 A.3d at 217 n.8 ("[M]ere convictions that carry a sentence of 'no further penalty' are an impermissible punishment.") Instead, the panel concluded a disposition of "guilty with no further penalty" constituted a sentence because "such a disposition poses significant collateral consequences, including unwarranted enhancement of prior record score (or prior DUI offense history) in subsequent criminal proceedings and unjustified impediments to restoration of [] driving privileges." *Id*., at 216-217.

Because the facts underlying this case are almost indistinguishable from those found in *Farrow*, we arrive at the same result. Therefore, we conclude that Appellant's convictions and sentences, arising from the same criminal act, violate her protections against double jeopardy. So, we reverse Appellant's convictions and sentences at counts one and two, affirm Appellant's conviction but vacate her sentence at count three, and remand for resentencing on that count. *See id*., at 218-219. And, because *Farrow* held that sentencing enhancements are still viable in resentencing under this fact pattern, we direct the trial court to consider its prior factual findings concerning the application

of the sentencing enhancements found at § 3804(b) and (c)[3] in fashioning

Appellant's sentence at count three. ***See id***., at 219.

Convictions and judgments of sentence reversed as to counts one and

two. Conviction affirmed, but judgment of sentence vacated at count three.

Case remanded for resentencing at count three. Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/6/2018</u>

---

[3] In considering the sentencing enhancement found at § 3804(c), the court should also take into account the ramifications of the holdings of ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016), and ***Commonwealth v. Giron***, 155 A.3d 635 (Pa. Super. 2017).