J-S64027-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ELLIS RICHARDSON | : | |
| | : | |
| Appellant | : | No. 683 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 1, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0016855-2013

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    FILED FEBRUARY 26, 2020

John Ellis Richardson appeals from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, imposed after he was found in violation of probation. After review, we vacate his judgment of sentence and remand for resentencing.

On January 14, 2014, the Commonwealth charged Richardson with possession of a firearm prohibited ("count one"),[1] possession of a firearm with manufacturer number altered ("count two"),[2] receiving stolen property,[3]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 18 Pa.C.S.A. § 6110.2(a).

[3] 18 Pa.C.S.A. § 3925(a).

firearms not to be carried without a license,[4] and escape.[5]  On June 30, 2014, in a non-jury trial, the Honorable David R. Cashman found Richardson guilty on all charges except receiving stolen property. [6]  On July 29, 2014, the court sentenced Richardson to consecutive seven-year terms of probation on counts one and two.  The court imposed no further penalty (NFP) on the remaining convictions.

On July 9, 2018, following a hearing, Judge Cashman found Richardson in violation of his probation and imposed a new sentence on count one of one year of restrictive intermediate punishment followed by four years of probation, and NFP on all other counts.  On June 25, 2018, Richardson was convicted of additional crimes.  On April 1, 2019, Judge Cashman again found Richardson in violation of his probation.  The court imposed identical terms of 54 to 108 months' imprisonment followed by one year of probation on counts one and two.

_____

[4] 18 Pa.C.S.A. § 6106(a)(1).

[5] 18 Pa.C.S.A. § 5121(a).

[6] We note Judge Cashman states he found Richardson guilty following a non-jury trial on June 30, 2014, see N.T. Sentencing Hearing, 7/29, 2014, at 12 ("on June 30, 2014 at a non-jury trial[,] I found you guilty"), whereas Richardson claims he pleaded guilty on July 29, 2014.  Brief of Appellant, at 7 ("Richardson entered a guilty plea on July 29, 2014").  We are unable to confirm which account is accurate, as there are no transcripts of either a non-jury trial or a plea hearing in the record.  This fact, however, is immaterial to our disposition of the instant appeal.

On April 10, 2019, Richardson filed a motion to modify sentence. On May 1, 2019, before the court ruled on the motion, Richardson timely filed a notice of appeal. On August 6, 2019, the court filed an opinion without requiring Richardson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Therein, Judge Cashman stated "he agreed with Richardson that the sentence imposed upon him at [c]ount 2 was illegal" and requested this Court vacate his sentence and remand the case for further proceedings. See Trial Court Opinion, 8/9/19, at 1–2.

Richardson raises the following claim on appeal:

Must the judgment of sentence in this probation revocation case be vacated and the case remanded for a new sentencing hearing because the revocation imposed at [c]ount 2, [imposing a term of] incarceration of 54 to 108 months following a year of probation[] is illegal? Specifically, when a sentence of [NFP] is imposed by a revocation court, is it illegal for the revocation court to impose a sentence on that count at a subsequent revocation hearing?

Brief of Appellant, at 6.

Instantly, we apply the following standard of review:

In considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

Commonwealth v. Williams, 997 A.2d 1205, 1208 (Pa. Super. 2010) (citations and quotations omitted).

- 3 -

Richardson asserts the court erred as a matter of law by imposing a sentence following the revocation of probation on count two, on which the court had previously imposed a NFP sentence. See Brief of Appellant, at 14 ("[T]he sentence imposed upon [Richardson at [c]ount [two] was illegal[.]"); see also Brief of Appellee, at 5 ("The Commonwealth agrees with [Richardson] and the . . . court that [Richardson's sentence at count [two] is illegal.") (capitalization adjusted). We also agree.

The Double Jeopardy Clause protects against, inter alia, "multiple punishments for the same offense." Commonwealth v. Farrow, 168 A.3d 207, 214 (Pa. Super. 2017). Following conviction, "[D]ouble [J]eopardy does not automatically attach upon the imposition of sentence, but rather is a function of a defendant's expectation of finality[.]" Commonwealth v. Postell, 693 A.2d 612, 614 (Pa. Super. 1997). This Court previously found it reasonable for an individual on probation to conclude his NFP sentence was final after the period for modifying his sentence ended. See Williams, supra at 1210 (concurring that NFP sentences afford appellant on probation "an expectation of finality[—]one that would not have existed with respect to probationary sentences which, by their very nature, remain subject to modification[.]"). As a result, we held the Double Jeopardy Clause deprives "a probation revocation court [of] the authority to re-sentence an offender on a final [NFP] sentence after the period for altering or modifying the sentence has expired." Id.

The period for modifying Richardson's NFP sentence on count two expired on August 8, 2018. Consequently, on April 1, 2019, Judge Cashman was, as a matter of law, without authority to re-sentence Richardson on count two. Williams, supra at 1210. We, therefore, vacate Richardson's judgment of sentence and remand the matter to the trial court for further proceedings on these counts.

Judgment of sentence vacated and case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/2020