J-S83017-18

2019 PA Super 104

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LISA ANN BEZICK | : | |
| | : | |
| Appellant | : | No. 509 WDA 2018 |

Appeal from the Judgment of Sentence March 13, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007522-2017

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

OPINION BY SHOGAN, J.: FILED April 1, 2019

Lisa Ann Bezick ("Appellant") appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following her three convictions for driving under the influence ("DUI") and the summary offense of failure to stop and render aid. We affirm in part, vacate in part, and remand for resentencing.

Following a single criminal incident, the Commonwealth charged Appellant as stated above. At the nonjury trial on March 13, 2018, the parties stipulated to the Affidavit of Probable Cause, as follows:

1. On Saturday April 8, 2017 at approximately 12[:]52 hours, I, Officer [Terry] Bradford was dispatched to Route 51 @ Borough Park Drive for a report of a two vehicle accident. The caller reported that one of the vehicles was attempting to leave the accident scene.

2. Upon arrival, I observed a black VW Tiguan bearing Michigan registration DNN2948 stopped in the southbound left lane

with minor scratches to the rear bumper. The driver was identified as a Jose Villarreal. He reported that the other vehicle involved just fled the scene northbound on Route 51. He showed me a picture he took on his cell phone of the other vehicle involved, which was a blue Pontiac G6 bearing PA registration JLZ8667. Mr. Villarreal described the driver of the vehicle as a white female in her 40's with blonde hair. Mr. Villarreal stated that he was stopped at the red light on Route 51 @ Borough Park Drive when he was struck from behind by the blue Pontiac 6C [sic]. The driver failed to exchange information or check on the welfare of the occupants before fleeing the accident scene.

3. I spoke with a witness, Peter Muszalski, who was traveling directly behind the blue Pontiac G6. He stated that the vehicle was driving erratically as it was swerving in and out of its travel lane, prior to it striking the victim's vehicle. He stated that the blue Pontiac G6 backed into his vehicle prior to leaving the accident scene, but there was no damage to the vehicle.

4. Sgt. Hudson located the blue Pontiac G6 bearing PA registration JLZ8667 traveling north on Route 51 @ Greenlee Road and stopped [the] vehicle on Greenlee Road. This location is approximately 1.5 miles from the location of the accident. I arrived on scene and the driver was a white female in her 40's with blonde hair and was identified as [Appellant]. [Appellant] stated that she was not injured in the accident and fled the scene because she was scared. As I was speaking with [Appellant], I observed that she was lethargic, had slurred speech, and her pupils were pinpoint. [Appellant] stated that she ingested an unknown amount of heroin, two alcoholic beverages, and an unknown amount of Clonazepam. I asked [Appellant] to perform a series of field sobriety tests, to which she agreed.

5. The field sobriety tests were performed in a level, paved parking lot during daylight hours. I had [Appellant] perform the finger-to-nose, [balance], and walk-and-turn tests. I instructed and demonstrated the tests prior to [Appellant] performing them. [Appellant] did fail all three tests. Her ability to perform the tests and follow directions were poor. At this time, she was placed under arrest and transported to Jefferson Hospital.

6.  [Appellant] was read and signed PennDOT form DL-26B and consented to a blood draw.  A blood draw was performed by RN Angie Luckey at 13[:]50 hours.  I took custody of the blood evidence and transported [Appellant] to Whitehall Police Station where she was released to a friend at 15[:]05 hours.

N.T., 3/13/18, at 2–3; Affidavit of Probable Cause, 6/26/17, at 2.

Based upon these events, the Commonwealth filed a four-count criminal information against Appellant on August 17, 2017.  Count one charged Appellant with DUI Highest Rate of Alcohol (BAC .16% or Higher), second offense, in violation of 75 Pa.C.S. § 3802(c), 75 Pa.C.S. § 3803(b)(4), and 75 Pa.C.S. § 3804(c)(2).  Count two charged Appellant with DUI-general impairment, second offense, where an accident resulting in damage to a vehicle occurred in violation of 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 3804(b)(2).  Count three charged Appellant with DUI-general impairment, second offense, in violation of 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 3804(a)(2).  Count four charged Appellant with the summary offense of failure to stop and render aid, 75 Pa.C.S. § 3744(a).[1]

The trial court convicted Appellant of all three DUI counts and the summary offense.  Appellant waived a presentence investigation.  The trial court sentenced Appellant to ninety days of house arrest and a concurrent

_____

[1]  In its Pa.R.A.P. 1925(a) opinion, the trial court erroneously stated that it found Appellant guilty of 75 Pa.C.S. § 3742 rather than § 3744.  Trial Court Opinion, 6/7/18, at 2; Order of Sentence, 3/13/18, at Count 4.  As Appellant raises no challenge regarding the convictions at counts one and four, those convictions are affirmed without further discussion.

two-year probationary period on count one, determined that counts two and three merged with count one for sentencing purposes, and imposed no further penalty for the summary offense. Appellant did not file a post-sentence motion. Appellant filed a timely notice of appeal.[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following single issue for our review:

> Were [Appellant's] rights under the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution and Article 1, § 10 of the Pennsylvania Constitution violated because she was charged and convicted of two identical DUI offenses, even though there was only one incident?

Appellant's Brief at 5 (unnecessary capitalization removed).

Thus, Appellant argues that her double jeopardy rights were violated when she was convicted on separate DUI counts arising out of the same incident, based on this Court's decision in Commonwealth v. Farrow, 168 A.3d 207 (Pa. Super. 2017). Appellant's Brief at 5. Appellant argues:

> In Farrow, this Honorable Court found that where a single DUI offense is subject to enhancements (such as for an accident or a refusal), the Commonwealth must file a criminal information that sets forth a single count under 75 Pa.C.S.A. § 3802, and include

---

[2] While Appellant did not file a post-sentence motion, because the issue herein involves the legality of the sentence imposed, there is no waiver. Commonwealth v. Watley, 81 A.3d 108, 118 (Pa. Super. 2013) (issues related to the legality of sentence cannot be waived). Indeed, "this Court is endowed with the ability to consider an issue of legality of sentence sua sponte." Commonwealth v. Orellana, 86 A.3d 877, 882–883 n.7 (Pa. Super. 2014). See also Commonwealth v. Farrow, 168 A.3d 207, 212 (Pa. Super. 2017) (Although the appellant's issue was raised for the first time on appeal, it was not subject to waiver because it was "a colorable double jeopardy objection to the legality of her sentence.").

enhancements under 75 Pa.C.S.A. § 3804 as subparts of that single count. 168 A.3d at 218-19. This Honorable Court explained that the Commonwealth must charge in this manner rather than charging multiple counts of DUI under § 3802 when there is only one incident of DUI. Id. Accordingly, in Farrow, this Honorable Court vacated all but one DUI conviction that arose from a single incident, and remanded so that the enhancements could be placed under the single DUI count. Id. at 219.

Appellant's Brief at 11. Appellant avers that this Court "must vacate [Appellant's] DUI conviction at Count 2, 75 Pa.C.S.A. § 3802(a)(1), and remand for resentencing on the DUI conviction at Count 3, also 75 Pa.C.S.A. § 3802(a)(1)." Id.

First, we do not find waiver in this case, as was found by the trial court.[3] Trial Court Opinion, 6/7/18, at 6–7. In Farrow, in addressing the same argument as presented herein, we stated:

> Since these contentions plainly challenge the validity of [the a]ppellant's judgment of sentence under double jeopardy

---

[3] The basis for the trial court's waiver finding is unclear. It appears that it found waiver because it determined Appellant's Pa.R.A.P. 1925 (b) statement mistakenly challenged three separate convictions, rather than separate punishments, of DUI for the same offense. Trial Court Opinion, 6/7/18, at 6–7. As the Commonwealth points out, while the Rule 1925(b) statement does not specifically reference the sentences imposed at counts two and three, "it does identify the penalty provisions of 75 Pa.C.S. § 3804(b)(2) (involvement in an accident) and . . . § 3804(a)(2) (possession of one prior DUI offense) that are set forth in [c]ounts 2 and 3 of the Criminal Information in this matter." Commonwealth's Brief at 8–9. In addition, the Rule 1925(b) statement cites to Farrow. Id. at 9; Pa.R.A.P. 1925(b), 5/16/18, at 8(b). As the Commonwealth notes, a double jeopardy challenge concerning Appellant's sentences is fairly suggested in Appellant's Rule 1925(b) statement. Commonwealth's Brief at 9. Appellant's Rule 1925(b) statement sufficiently identified the errors Appellant intended to challenge "with sufficient detail." Pa.R.A.P. 1925(b)(4)(ii).

principles, we conclude that the present claim is not subject to waiver and may be raised for the first time on appeal. See *Commonwealth v. Foster*, 960 A.2d 160, 164 (Pa. Super. 2008) ("argument premised upon double jeopardy-merger principles is considered to relate to the legality of sentence").

*Farrow*, 168 A.3d at 213.[4]

Appellant is correct in asserting the applicability of *Farrow*. Indeed, the Commonwealth concedes this issue. Commonwealth Brief at 12.[5] At counts two and three, Appellant was convicted of two separate DUI offenses, DUI-general impairment, second offense, 75 Pa.C.S. § 3802(a)(1), pursuant to a single criminal act. Both counts also charged Appellant with violating 75 Pa.C.S. § 3804(b)(2), which is not a separate crime, but rather, it is a penalty enhancement. Under these circumstances, *Farrow* directs as follows:

> In the future, where a single DUI offense is subject to enhancements, the Commonwealth should file a criminal information that sets forth a single count under § 3802.[10] Enhancements under § 3804 may be added as subparts or subparagraphs, as appropriate. This will eliminate identical criminal conduct leading to multiple convictions and sentences under the same criminal statute and, simultaneously, supply the accused with the requisite notice required under *Alleyne* [*Alleyne v. United States*, 570 U.S. 99 (2013)]. This method will also allow the factfinder to make the necessary findings with respect to § 3804 enhancements, as *Alleyne* also commands.

_____

[4] We also appreciate the Commonwealth's admission that the trial court, in rejecting the issue herein in the alternative, erroneously analyzed Appellant's claim in relation to counts one and two of the Information, which charged different offenses under the DUI statute, rather than counts two and three, which charged the same offense and are the basis of Appellant's claim. Commonwealth Brief at 8.

[5] We laud the Commonwealth's candor.

> [10] To be clear, the Commonwealth may charge separate counts, as appropriate, where the conduct at issue exposes the defendant to criminal liability under multiple and distinct criminal provisions found in § 3802, such as DUI-general impairment under § 3802(a)(1) and DUI-highest rate under § 3802(c). In such cases, if the Commonwealth seeks to add sentencing enhancements under § 3804, such enhancements may be added as subparts or subparagraphs under each count.

Farrow, 168 A.3d at 218–219. We note that the instant scenario constitutes a violation of the protection against double jeopardy despite the fact that Appellant's DUI-general-impairment convictions merged for sentencing purposes because of the "significant collateral consequences," including, inter alia, "unwarranted enhancement of . . . prior record score (or prior DUI offense history) in subsequent criminal proceedings and unjustified impediments to restoration of . . . driving privileges." Id. at 217 (citing Bell v. Commonwealth Dep't of Transportation, 96 A.3d 1005, 1019–1020 (Pa. 2014) (PennDOT may issue multiple driver's license suspensions for multiple convictions regardless of whether convictions merge for sentencing purposes and regardless of whether they arose from a single criminal episode)).

Therefore, the convictions at counts one and four are affirmed. Pursuant to the directive of Farrow, we are constrained to vacate Appellant's conviction and sentence at count two, affirm Appellant's conviction but vacate her sentence at count three, and remand for resentencing at count three, consistent with Farrow, 168 A.3d at 219.

Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing in accordance with this Opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/2019