J-A26016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVE JACKSON | : | |
| | : | |
| Appellant | : | No. 1669 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 24, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006592-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVE L. JACKSON | : | |
| | : | |
| Appellant | : | No. 1671 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 24, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008506-2017

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 26, 2019**

Steve L. Jackson appeals from the judgments of sentence,[1] entered in

the Court of Common Pleas of Allegheny County, after he was found guilty on

---

[1] Jackson has complied with our Supreme Court's holding in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), concluding that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." **Id.** at 977.  Jackson filed one notice

two separate dockets[2] of Driving Under the Influence (DUI)-general impairment (1st offense and 3rd offense) and related offenses.[3] After careful review, we vacate Jackson's conviction at Count 2 (DUI-general impairment (3rd offense) on CC-2-17-08506 (Pittsburgh case) and affirm his convictions and judgments of sentence in all other respects.

The parties stipulated to the affidavit of probable case in the Pittsburgh case, which stated:

> I observed a male urinating on Miltenberger St[reet]. I circled the block and got behind the vehicle as the male was entering it. I initiated a traffic stop of this same vehicle at Miltenberger and Locust St[reets]. As I approached the vehicle, I observed in the rear driver[']s side a six[-]pack of Old English on a seat. I made contact with the driver later identified as Steve L. Jackson. Jackson had watery eyes and an odor of an alcoholic beverage coming form [sic] his person as soon as he rolled down the window.

Appellant's Brief, at 14. Jackson subsequently failed field sobriety tests and was charged with the above-stated offenses at CC-2017-08506. With regard to the Glassport case, the parties stipulated to the following: On February 10, 2017, Glassport police officers were notified by Elizabeth Borough Officer Garrett Kimmel that there was an unconscious male in a vehicle.

> Upon approach[, the] officers viewed several empty alcohol containers in the rear seat of the vehicle. [The] [o]fficers knocked

_____

of appeal on each docket number. On December 7, 2018, our Court consolidated the two appeals *sua sponte*. **See** Pa.R.A.P. 513.

[2] CC-2017-08506 (Pittsburgh case) and CC-2017-06592 (Glassport case).

[3] 75 Pa.C.S. § 3802(a)(1).

on the window several times and aw[akened] the male. [The] [o]fficers opened the driver door and could smell an[] odor of alcohol. [The] [o]fficers viewed the driver[,] later identified as [] Steve Jackson, in the driver['s] seat with a half drunk Guinness 16 oz beer and a glass of liquor in the center console cup holder. . . . Jackson stated that he had been drinking earlier and just dropped off his friend.

Appellant's Brief, at 15.

In the Pittsburgh case, the Commonwealth's bill of information charged Jackson with the following offenses: Count 1 (DUI-.16% or higher); Count 2 (DUI- general impairment) (3rd offense); Count 3 (restrictions on alcohol); and Count 4 (public urination and defecation). In the Glassport case, the Commonwealth charged Jackson with: Count 1 (DUI – general impairment (second offense)) and Count 2 (restrictions on alcoholic beverages).[4] Both cases proceeded to a stipulated non-jury trial on October 24, 2018.[5] Jackson was convicted in the Pittsburgh case of two counts of DUI- general impairment (3rd offense) and one count each of restrictions on alcoholic beverages[6] and public urination and defecation, a City of Pittsburgh Code violation.[7] The second DUI count merged for sentencing purposes with the first DUI count.

---

[4] The Glassport DUI conviction was Jackson's second DUI conviction as he had entered a guilty plea to DUI on March 29, 2018, in Crawford County.

[5] Prior to trial, the parties stipulated to the preliminary hearing testimony as well as the affidavit of probable cause.

[6] 75 Pa.C.S § 3809.

[7] Title 6 § 601.16(b)(1)(a).

In the Glassport case, Jackson was convicted of one count each of DUI-general impairment and restrictions on alcoholic beverages. In the Pittsburgh case, Jackson was sentenced to 10 days of incarceration, with credit for time served, followed by 6 months of probation. In the Glassport case, Jackson was sentenced to 5 days of incarceration, with credit for time served, followed by 6 months of probation. The sentences on the two cases were to run concurrently.[8]

On November 21, 2018, Jackson filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On January 31, 2019, the trial judge, the Honorable Donna Jo McDaniel, retired from the Allegheny County bench. Thereafter, Judge McDaniel's cases were reassigned to the Honorable Jeffrey A. Manning, who prepared a Rule 1925(a) opinion. On March 5, 2019, Jackson filed a petition to remand in this Court seeking the following relief: filing of post-sentence motions *nunc pro tunc* and an evidentiary hearing on a claim of trial counsel's ineffectiveness. Counsel also sought to withdraw on appeal due to a conflict of interest and to have new appellate counsel appointed. On March 13, 2019, this Court denied counsel's motion seeking to withdraw, without prejudice to first seek relief in the trial court. Our Court's order also denied Jackson's request to pursue a claim of trial counsel's ineffectiveness, without prejudice

---

[8] Jackson was also sentenced to pay $1,000 in DUI fines in each case and undergo a drug and alcohol evaluation, a drug screening, comply with Justice Related Services, and attend safe driving school.

to raise the issue in a future PCRA petition, "if appropriate." Order, 3/13/19.

On March 14, 2019, Jackson filed a motion for reconsideration of our Court's

order, pursuant to Pa.R.A.P. 123(e), which we denied on March 18, 2018.

Jackson raises the following issues for our consideration:

(1)     Whether this Honorable Court erred in denying [] Jackson's
        [p]etition for [r]emand, and subsequent [m]otion for
        [r]econsideration, when he had cognizable claims to raise
        on direct appeal and sought, additionally, to raise claims of
        ineffectiveness of trial counsel on direct appeal because the
        short nature of his sentence would preclude him from
        seeking relief in a future PCRA proceeding.

(2)     Whether the evidence was sufficient to sustain [] Jackson's
        conviction for DUI at CC 2017-06592[, the Glassport Case,]
        because the Commonwealth failed to prove, beyond a
        reasonable doubt, that [] Jackson was in actual physical
        control of a parked vehicle.

(3)     Whether [] Jackson's sentence at CC 2017-08506[, the
        Pittsburgh Case,] was illegal when [] Jackson was convicted
        of two counts of DUI for one criminal act.

Appellant's Brief, at 8.

With regard to Jackson's first issue, we decline to revisit, for the third

time, his request for remand, where our Court has already entered an order

disposing of his claims. *See Commonwealth v. Starr*, 664 A.2d 1326, 1332

(Pa. 1995) citing *Commonwealth v. Brown*, 402 A.2d 1007, 1008 (Pa.

1979) ("[W]here the evidence is substantially the same as that originally ruled

upon by the first judge, a second judge commits a *per se* abuse of discretion

in overruling or vacating the prior order.")

In his next issue, Jackson contends that the evidence was insufficient to

prove his conviction for DUI in the Glassport case. Specifically, he contends

that the Commonwealth did not prove that he was in "actual control" of a parked vehicle. 75 Pa.C.S. § 3802(a)(1). We disagree.

> In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt.

*Commonwealth v. Randall*, 758 A.2d 669, 674 (Pa. Super. 2000).

Section 3802(a)(1) provides:

> § 3802. Driving under influence of alcohol or controlled substance.
>
> (a) General impairment.
>
> (1) **An individual may not** drive, operate or **be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol** such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3801(a)(1)(emphasis added).

At Jackson's preliminary hearing, Officer Michael Mihal of the Glassport Police Department testified that at 4:50 am on February 10, 2017, he received information from an Elizabeth Borough police officer that there was an individual passed out in a car. N.T. Preliminary Hearing, 5/30/17, at 4-5. Officer Mihal arrived at the vehicle, which was parked "slightly away from the curb, partially more towards the lane of traffic" on North Monongahela Avenue in Glassport. *Id.* at 8. Officer Mihal testified that Jackson was passed out in the driver's side of the vehicle and that it took Officer Mihal a couple of minutes to rouse Jackson after he tapped and knocked on the car window. Officer

- 6 -

Mihal testified that he could detect an odor of alcohol emanating from the vehicle when he opened the door. The officer also observed "numerous items of alcohol both opened and unopened in the front and rear seat[s]" of the vehicle. *Id.* at 5-6. Jackson had trouble standing when he first exited the car; Jackson smelled of alcohol and was very disoriented. *Id.* at 6. Officer Michal testified that Jackson's eyes were glassy, and that he failed all of the field sobriety tests. *Id.* The vehicle's keys were found on Jackson's person. *Id.* at 9. According to his recollection, Office Michal did not believe the car's engine was running when he arrived on the scene. *Id.* at 8-9.

At trial, the Commonwealth presented the testimony of Officer Kimmel from the Elizabeth Borough Police Department. Officer Kimmel testified that he responded to a DUI call on February 10, 2017,[9] and found the subject vehicle on the roadway with the engine running, parked eight feet from a stop sign, slightly on the roadway. N.T. Stipulated Non-Jury Trial, 10/24/18, at 6-7. Officer Kimmell testified that he had to reach in and push the car's electric starter/off button to shut off the vehicle so that Jackson would not drive away. *Id.* at 8. He further testified that "to the best of [his] recollection" the vehicle's lights were not on. *Id.*

"[A] combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor

---

[9] Officer Kimmell was not in his primary jurisdiction when he received the call; rather, he was passing through Glassport on his way back from taking someone to jail. N.T. Stipulated Non-Jury Trial, 10/24/18, at 7.

running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." **Commonwealth v. Woodruff**, 668 A.2d 1158, 1161 (Pa. Super. 1995). A determination of actual physical control of a vehicle is based upon the totality of the circumstances. **Commonwealth v. Williams**, 871 A.2d 254, 259 (Pa. Super. 2005). "The Commonwealth can establish that a defendant was driving, operating or in actual physical control of a motor vehicle" through wholly circumstantial evidence. **Commonwealth v. Brotherson**, 888 A.2d 901, 905 (Pa. Super. 2005).

Here, reviewing all of the evidence and the reasonable inferences drawn therefrom, including the officers' trial testimony, we conclude that there was sufficient evidence to conclude that Jackson was in actual physical control of his vehicle at the time he was apprehended by the officers. Officer Kimmell unequivocally testified that he had to reach in to turn off the running engine when he arrived on the scene. He also testified that Jackson's car was parked on a stretch of road that did not have parking spots and that his car was parked in the roadway. Jackson, the sole occupant of the vehicle, told the officer that he had just dropped off a friend. There were opened containers of alcohol in the center console and Jackson's breath smelled of alcohol. **Commonwealth v. Toland**, 995 A.2d 1242 (Pa. Super. 2010). Thus, we find no merit to this issue.[10]

_____

[10] Moreover, during Jackson's trial, Judge McDaniel stated:

In his final issue on appeal, Jackson contends that his Pittsburgh sentence is illegal where he was convicted of two counts of DUI for one criminal act. We agree and find that he is entitled to relief.

Our Court has held that a single criminal act cannot result in multiple sentences for violations of the **same** DUI provision; to do so constitutes a double jeopardy violation. *See Commonwealth v. Farrow*, 168 A.3d 207, 217 (Pa. Super. 2017); *see also Commonwealth v. Bezick*, 207 A.3d 400 (Pa. Super. 2019). The Double Jeopardy Clause protects against multiple punishments for the same offense. *Farrow*, 168 A.3d at 214-15.

Here, the Commonwealth's bill of information charged Jackson in the Pittsburgh case with DUI (.16% or higher) under 75 Pa.C.S. § 3802(c) (Count 1) and DUI-general impairment under 75 Pa.C.S. § 3802(a)(1) (Count 2). Notably, it did not charge him with two counts of the same offense as is

---

THE COURT: Well, however, it's not whether or not he was driving, it's whether or not he was in control of the automobile. **He was behind the driver's seat, the car according to the officer was running. I know that he might not know whether or not the lights were on but he seemed to distinctly remember reaching in and pushing the car's electric starter to off.**

In addition to that . . . he was confused, he couldn't tell the officers where he was, he had an odor of alcohol and his eyes were glassy. He could not give the officers a description or address of the friend he alleges he had dropped off and he flunked all of the sobriety tests.

*Id.* at 11-12 (emphasis added).

prohibited under **Farrow**. However, the court convicted him of, among other things, two counts (Count 1 and Count 2) of the same offense, DUI-general impairment (3rd offense), 75 Pa.C.S. § 3702(a)(1).[11] The court merged Count 2 with Count 1 for sentencing purposes. By contrast, in **Farrow** the trial court "did not merge Appellant's sentences but instead imposed 'guilt without further penalty' at counts two and three." **Farrow**, 168 A.3d at 217 n.8. The **Farrow** Court noted that "[u]nder Pennsylvania law, a sentence is not limited to a term of incarceration or probation[,] *but also includes a determination of guilt without further penalty*. **Id.** at 212 n.5; **see** 42 Pa.C.S. § 9721(a)(2) (in fixing sentence, trial court may consider and impose, *inter alia*, determination of guilt without further penalty). Accordingly, the **Farrow** Court treated the dispositions of "guilt without further penalty" as sentences under section 9721(a)(2) for purposes of its double jeopardy analysis. **Id.** at 215.[12]

---

[11] The Commonwealth acknowledges in its appellate brief that it "appears that no amendment was intended for the information [in the Pittsburgh case]." Appellee's Brief, at 28. However, the notes of testimony at the stipulated trial are far from clear on this issue. In fact, it appears that defense counsel agreed to amend the charges in the Pittsburgh case to add a second DUI-general impairment count. **See** N.T. Stipulated Non-Jury Trial, 10/24/18, at 2-4.

[12] In **Farrow**, however, our Court recognized:

> '[P]unishment' may be the equivalent of a criminal conviction and not simply the imposition of sentence. **Ball** [*v. United States*], 470 U.S. 856[,] 861 [1985].
>
> \*   \*   \*
>
> The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences

Here, unlike the facts in **Farrow**, the trial court did not impose a sentence at Count 2. Rather, it merged Jackson's conviction with Count 1. Similarly, in **Bezick**, **supra**, the defendant was charged with two separate counts of DUI-general impairment, 75 Pa.C.S. § 3702(a)(1), arising out of the same criminal conduct. The two section 3702(a)(1) counts also included two enhancements under sections 3804(a)(2) (second section 3802(a) offense) and 3804(b)(2) (second 3802(a) offense where accident resulted in bodily injury, serious bodily injury or death to person or damage to vehicle or other property). The court merged the two section 3701(a)(1) convictions for purposes of sentencing. As the **Bezick** Court acknowledged, "violating 75

---

that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.

**Id.** at 864-[]65 (emphasis omitted). Similarly, Appellant's convictions for all three counts of DUI simply do not evaporate merely because the trial court deemed the counts to have merged for sentencing purposes resulting in no further penalty for the convictions at counts two and three. In this case, mere convictions that carry a sentence of "no further penalty" are an impermissible punishment.

168 A.3d at 217 n.8.

Pa.C.S. § 3804(b)(2) . . . is not a separate crime, but rather, it is a penalty

enhancement." Citing the **Farrow** Court, the **Bezick** Court pointed out that:

> [W]here a single DUI offense is subject to enhancements, the Commonwealth should file a criminal information that sets forth a single count under section 3802. Enhancements under [section] 3802 may be added as subparts or subparagraphs, as appropriate. This will eliminate identical criminal conduct leading to multiple convictions and sentences under the same criminal statute and, simultaneously, supply the accused with the requisite notice required under **Alleyne** [**v. United States**, [] 570 U.S. 99 [] (2013)].

168 A.3d at 218-19.

Here, Jackson's DUI-general impairment in the Pittsburgh case was his

second section 3702(a)(1) DUI conviction. Thus, he should only have been

convicted of *one* section 3702(a)(1) offense, since a second offense under

section 3804(a)(2) is not a separate crime. **Bezick**, **supra**. As the **Bezick**,

Court noted:

> The instant scenario constitutes a violation of the protection against double jeopardy despite the fact that Appellant's DUI-general impairment convictions merged for sentencing purpose because of the "significant collateral consequences," including *inter alia*, "unwarranted enhancement of . . . prior record score (or prior DUI offense history) in subsequent criminal proceedings and unjustified impediments to restoration of . . . driving privileges."

207 A.3d at 404 (citing **Farrow**, 168 A.3d at 217). Accordingly, we vacate

Jackson's conviction at Count 2 in the Pittsburgh case.[13]

_____

[13] We need not remand for resentencing as our disposition does not alter the trial court's sentencing scheme where Jackson's duplicate conviction at Count 2 merged with Count 1 for sentencing purposes. **_See generally_**

Conviction vacated as to at Count 2 on CC-2-17-08506. Convictions and judgments of sentence on all remaining Counts in CC-2017-06592 and CC 2017-08506 are affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019

---

*__Commonwealth v. Thur__*, 906 A.2d 552 (Pa. Super. 2006) (explaining remand for resentencing not required where invalid sentence does not disturb overall sentencing scheme).