J-A18017-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTEL D. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1432 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 14, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010084-2018

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    FILED AUGUST 21, 2020

Appellant, Martel Williams, appeals from the August 14, 2019 Judgment of Sentence entered in the Court of Common Pleas of Allegheny County following his conviction of one count each of Driving Under the Influence ("DUI")—General Impairment, DUI—Highest Rate of Alcohol, and Driving While Operating Privilege is Suspended ("DUS").[1] Appellant challenges the weight and sufficiency of the evidence underlying his DUI convictions, and the legality of his sentence. After careful review, we affirm Appellant's convictions but vacate the Judgment of Sentence for DUI—General Impairment.

We derive the following factual and procedural history from the trial court's Opinion and the certified record.  On  September  15,  2017,  David Prosperino was in his bar in Clairton when he heard a "big bang." He went

_____

[1] 75 Pa.C.S. §§ 3802(a)(1), 3802(c), and 1543(b)(1.1)(i), respectively.

outside and found Appellant alone in his vehicle, which had collided with a parked car. Mr. Prosperino asked Appellant if he was okay, and Appellant answered that he was.

Clairton City police officer Henry Giles arrived on the scene and found Appellant standing outside of his crashed vehicle. Appellant told Officer Giles that his girlfriend was driving and he was a passenger at the time of the crash, but she fled before police arrived. Appellant did not know her last name. Police searched the area for the alleged driver but did not find her.

Appellant also told Officer Giles that he exited the vehicle on the passenger's side, but police observed that damage prevented the front passenger-side door from opening. Police found an empty bottle of vodka in the vehicle and the car's key in Appellant's pocket. Police arrested Appellant on suspicion of DUI.

On August 14, 2019, Appellant proceeded to a bench trial on the above charges.[2] Appellant stipulated that his blood alcohol content ("BAC") at the time of the crash was above 0.16%. The Commonwealth presented testimony from Officer Giles and Mr. Prosperino, who testified consistently with the above description.

_____

[2] The Commonwealth also charged Appellant with one count each of Accident with Unattended Vehicle and Reckless Driving. 75 Pa.C.S. §§ 3745(a) and 3736(a), respectively. The Commonwealth withdrew the Accident with Unattended Vehicle charge, and the court found Appellant not guilty of Reckless Driving.

Appellant's trial testimony contradicted that provided by the above witnesses. In particular, Appellant testified that the driver was not his girlfriend but a woman he had met at the bar that night. He also testified that he slid from the passenger's seat to the driver's seat and exited the vehicle through the driver's door. Appellant further testified that he never spoke to Mr. Prosperino, and he denied having the car key in his pocket when police searched him.

The trial court convicted Appellant of the above charges. In announcing the verdict, the court stated, "I don't accept your story. I don't mean to be calling you out on the truthfulness (sic), but I don't know why your story is inconsistent with a lot of other facts offered by more impartial witnesses today." N.T. Trial, 8/14/19, at 43.

The court sentenced Appellant to a term of 12 months' intermediate punishment for his conviction for DUI—Highest Rate and a consecutive term of 90 days' intermediate punishment for DUS. The court further imposed a term of 90 days' intermediate punishment for DUI—General Impairment to be served concurrently with Appellant's sentence for DUI—Highest Rate. Appellant filed a Post-Sentence Motion on August 15, 2019, challenging the weight of the evidence underlying his convictions. The trial court summarily denied Appellant's Motion on August 21, 2019.

Appellant timely filed a Notice of Appeal. The trial court did not issue a Pa.R.A.P. 1925(b) Order but did file a Rule 1925(a) Opinion.

Appellant presents three issues for our review:

1. Where the Commonwealth failed to show that [Appellant] was operating the crashed vehicle, and relied on the inference drawn from his mere presence in the vehicle, was the evidence sufficient to prove his guilt of DUI beyond a reasonable doubt?

2. The only evidence against [Appellant] was testimony from a witness who did not witness the accident, who testified that [Appellant] was in the crashed vehicle. [Appellant] explained his presence by testifying that a female he had just met was driving and ran off, and he could not exit the vehicle due to the passenger door being jammed. Did the trial court abuse its discretion in denying [Appellant's M]otion for a new trial since the verdict was against the weight of the evidence?

3. The trial court found [Appellant] guilty of a single act of DUI. However, he was convicted and sentenced for two counts of DUI. Do the Double Jeopardy Clauses of the Pennsylvania and United States Constitutions prohibit multiple punishments for a single criminal act?

Appellant's Br. at 6.

Sufficiency of the Evidence

In his first issue, Appellant challenges the sufficiency of the evidence to support his DUI convictions. He argues that the Commonwealth's circumstantial evidence was insufficient to prove that he was driving at the time of the crash. Id. at 16-20.

"A claim challenging the sufficiency of the evidence is a question of law." Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000). Our standard of review is de novo, and our scope of review is limited to the evidence admitted at trial viewed in the light most favorable to the Commonwealth as verdict winner. Commonwealth v. Rushing, 99 A.3d 416, 420-21 (Pa. 2014).

"[W]hile passing on the credibility of the witnesses and the weight of the evidence [the factfinder] is free to believe all, part, or none of the evidence." Commonwealth v. Miller, 172 A.3d 632, 640 (Pa. Super. 2017) (citation omitted). "Our jurisprudence does not require fact[]finders to suspend their powers of logical reasoning or common sense in the absence of direct evidence. Instead, [the factfinder] may make reasonable inferences from circumstantial evidence introduced at trial." Commonwealth v. Teems, 74 A.3d 142, 148 (Pa. Super. 2013) (internal citation omitted).

To sustain a conviction under Section 3802 of the DUI statute, the Commonwealth's evidence must be sufficient to prove, by the totality of the circumstances, that the defendant drove, operated, or was in actual physical control of a vehicle at a particular time, in this case at the time of the crash.[3] 75 Pa.C.S. §§ 3802(a)(1), (c). See also Commonwealth v. Johnson, 833 A.2d 260, 265-66 (Pa. Super. 2003) (summarizing cases where the Court upheld DUI convictions without direct evidence of defendant operating vehicle).

Here, the trial court, sitting as factfinder, disbelieved Appellant's explanation that a woman crashed the car and fled. Trial Ct. Op., 12/3/19, at

_____

[3] Section 3802(a)(1)—General Impairment is an "at the time of driving offense[,]" meaning that the Commonwealth must prove that the defendant operated a vehicle while incapable of doing so safely as a result of intoxication. Commonwealth v. Segida, 985 A.2d 871, 879 (Pa. 2009). By contrast, Section 3802(c)—Highest Rate is a per se offense, which requires the Commonwealth to prove that the offender's BAC level reached 0.16% within two hours of operating a vehicle. Commonwealth v. Starry, 224 A.3d 312, 313 (Pa. 2020).

2; N.T. Trial, 8/14/19, at 43. The evidence found credible by the factfinder established that a witness saw Appellant alone in the vehicle shortly after the crash. Trial Ct. Op., 12/3/19, at 2. Police likewise found Appellant alone with the vehicle, with a bottle of vodka inside and its key in his pocket. Id. at 3; N.T. Trial, 8/14/19, at 15-18.

Viewed in the light most favorable to the Commonwealth as verdict winner, we conclude that the evidence was sufficient to prove that Appellant was operating his vehicle at the time of the crash. The Commonwealth's evidence, believed by the factfinder, showed that Appellant was the only person with the ability to exercise actual physical control over the vehicle at the time of the crash. The factfinder is not required to suspend its common sense in the absence of direct evidence. Accordingly, we find that the evidence was sufficient to convict Appellant of DUI.

Weight of the Evidence

Appellant next challenges the weight of the Commonwealth's evidence underlying his DUI convictions. Appellant asserts that the trial court abused its discretion in denying his Post-Sentence Motion for a new trial because he "testified credibly that he was not driving," "[n]o witness was able to identify [Appellant] as the driver," and Mr. Prosperino "never testified as to where in the car [Appellant] was seated." Appellant's Br. at 24 (emphasis omitted).

Appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the appellant's post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight

of the evidence. Commonwealth v. Talbert, 129 A.3d 536, 545-46 (Pa. Super. 2015). "[T]he role of the trial judge is to determine that, notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." Commonwealth v. Gonzalez, 109 A.3d 711, 723 (Pa. Super. 2015) (citation omitted). Therefore, the trial court should award a new trial only when the factfinder's verdict is "so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." Commonwealth v. Morales, 91 A.3d 80, 91 (Pa. 2014) (citation omitted). "A new trial is not warranted because of 'a mere conflict in the testimony' and must have a stronger foundation than a reassessment of the credibility of witnesses." Gonzalez, supra at 723 (citation omitted).

Here, the trial court, sitting as factfinder, was free to evaluate witness credibility and specifically found that Appellant's testimony was not credible. N.T. Trial, 8/14/19, at 43. Appellant essentially asks us to reassess his credibility and reweigh the testimony presented at trial. We cannot and will not do so.

Our review of the record indicates that the evidence supporting the verdict is not tenuous, vague, or uncertain, and the verdict was not so contrary as to shock the Court's conscience. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight challenge.

Illegal Sentence

In his final issue, Appellant challenges the legality of his sentence for two counts of DUI based on a single criminal act. Appellant's Br. at 27. Appellant argues that this Court must either vacate his conviction for DUI—General Impairment based on constitutional double jeopardy principles, or, alternatively, vacate his sentence for DUI—General Impairment based on the doctrine of merger. Appellant's Br. at 30-44.

The legality of a sentence is a question of law. Consequently, our standard of review is de novo, and the scope of our review is plenary. Commonwealth v. Tanner, 61 A.3d 1043, 1046 (Pa. Super. 2013).

This Court has long recognized that a defendant cannot be subjected to multiple penalties for violating one or more subsections of Section 3802 by a single criminal act. Commonwealth v. McCoy, 895 A.2d 18, 26 (Pa. Super. 2006). Therefore, Appellant's challenge is ultimately resolved by determining whether, where a single act results in multiple convictions under distinct subsections of the DUI statute, the merger doctrine protects an appellant's right to be free from double jeopardy under Pennsylvania jurisprudence. We conclude that it does.

It is well settled that, under such circumstances, merging DUI convictions for sentencing purposes sufficiently protects the defendant's right to be free from double jeopardy. McCoy, 895 A.2d at 27 ("merger [of convictions under Sections 3802(a)(1) and (c)] was proper, and appellant's protections against double jeopardy were not violated"); Commonwealth v. Williams, 871 A.2d 254 (Pa. Super. 2005) (vacating appellant's judgment of

sentence for second conviction under separate subsection of DUI statute). See also Commonwealth v. Bezick, 207 A.3d 400, 404 (Pa. Super. 2019) (affirming one conviction each under Sections 3802(a)(1) and (c), which merged at sentencing, and vacating one additional Section 3802(a)(1) conviction). Cf Commonwealth v. Farrow, 168 A.3d 207, 217 (Pa. Super. 2017) (distinguishing McCoy, concluding that where a single act results in multiple convictions under the same DUI subsection, only one conviction can stand and any additional, duplicate convictions must be vacated on the basis of double jeopardy).

Based on the above, we conclude that Appellant's DUI convictions should have merged for sentencing purposes, and by failing to merge these convictions, the court imposed an illegal sentence. We, thus, vacate Appellant's Judgment of Sentence for DUI—General Impairment.

In sum, we conclude that the Commonwealth's evidence was sufficient for the factfinder to reasonably infer that Appellant was operating his vehicle when it crashed, such that the evidence was sufficient to support his DUI convictions. Likewise, we conclude that the trial court did not abuse its discretion in denying Appellant's Post-Sentence Motion for a new trial based on the weight of the evidence. Thus, we affirm Appellant's convictions.

Although we vacate Appellant's Judgment of Sentence for DUI—General Impairment, we need not remand for resentencing: the sentencing court ordered the two DUI sentences to run concurrently and, thus, our disposition

does not upset the sentencing scheme. We affirm the Judgment of Sentence with respect to the remaining convictions.

Convictions affirmed. Judgment of Sentence affirmed in part, vacated in part.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2020