J-S20042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :             PENNSYLVANIA
      :
      v.                      :
      :
      :
VICTOR LEE COPENHAVER        :
      :
      Appellant        :   No. 128 MDA 2021

Appeal from the PCRA Order Entered December 21, 2020
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000005-2019,
CP-01-CR-0000007-2019

BEFORE: NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:       **FILED: SEPTEMBER 9, 2021**

Victor Lee Copenhaver ("Copenhaver") appeals from the Order granting in part and denying in part his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On December 21, 2018, Officer Shannon Hilliard ("Officer Hilliard"), of the Gettysburg Borough Police Department, was on patrol when he observed a black Jeep Cherokee with a suspicious-looking license plate. When Officer Hilliard ran the license plate number, he learned that the plate was registered to a Cougar camper, not the Jeep Cherokee. Officer Hilliard activated his emergency lights to initiate a traffic stop, but the Jeep accelerated away. Officer Hilliard gave chase in his vehicle. During the pursuit, Officer Hilliard's

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

vehicle was damaged, and he was forced to pull over and stop his pursuit of the Jeep. Officer Hilliard contacted his dispatch, informed them of the pursuit, and gave a description of the Jeep and the license plate number.

Shortly thereafter, Copenhaver visited the home of Joseph Rose ("Rose"), who had recently sold the Jeep to Copenhaver. Copenhaver informed Rose that he had just eluded police. Copenhaver spoke with Rose for a few minutes and departed in the Jeep. Less than an hour later, Officer Joshua Goodling ("Officer Goodling"), of the Cumberland Township Police Department, spotted the Jeep, which he had been looking for based on Officer Hilliard's report to dispatch, traveling at a high rate of speed. Officer Goodling activated his lights and sirens, and pursued the Jeep. During the course of the pursuit, Officer Goodling recognized Copenhaver as the driver of the Jeep. The pursuit ended when the Jeep made a sharp turn into a ditch, at which point Officer Goodling was able to apprehend Copenhaver. Officer Hilliard subsequently arrived on scene, took custody of Copenhaver, and transported him to Gettysburg Hospital for chemical blood testing. The test results revealed that Copenhaver had cocaine and a metabolite of cocaine in his system.

Copenhaver was subsequently charged with two sets of charges, one set of charges for each separate chase, at docket number CP-01-CR-000005-2019 and docket number CP-01-CR-000007-2019, respectively. At each docket number, Copenhaver was charged with one count of driving under the

influence ("DUI"),[2] and related offenses. The charges were ultimately consolidated for trial, after which a jury convicted Copenhaver of several counts across both docket numbers, including one count of DUI at each docket number. On July 30, 2019, the trial court sentenced Copenhaver to an aggregate term of 5 to 11 years in prison. Copenhaver filed a timely post-sentence Motion, which the trial court denied.

On October 17, 2019, Copenhaver filed a direct appeal from his judgments of sentence. Because Copenhaver's single Notice of Appeal listed both docket numbers, this Court issued a Rule to Show Cause as to why his appeal should not be quashed in light of our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969, 976-77 (Pa. 2018) (holding that separate notices of appeal are required when an appellant appeals from convictions spanning multiple docket numbers). Copenhaver's counsel, Paul Royer, Esquire ("Attorney Royer"), filed a Response to the Rule to Show Cause. Following Attorney Royer's Response, this Court discharged the Rule to Show Cause on January 21, 2020. Attorney Royer subsequently filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and a Petition to withdraw from representation. On May 1, 2020, this Court denied Attorney Royer's Petition to withdraw, as Attorney Royer's **Anders** Brief failed to satisfy the requirements set forth in **Commonwealth v. Santiago**, 978 A.2d 349

---

[2] 75 Pa.C.S.A. § 3802(d)(1)(ii).

(Pa. 2009).[3]   Subsequently, on June 9, 2020, this Court issued an Order dismissing Copenhaver's appeal for failure to file a brief.

On August 10, 2020, Copenhaver, *pro se*, filed the instant PCRA Petition. The PCRA court appointed Thomas Nell, Esquire ("Attorney Nell"), as PCRA counsel.  On November 2, 2020, Attorney Nell filed an Amended PCRA Petition, wherein Copenhaver claimed a variety of allegations related to Attorney Royer's ineffective assistance of counsel.  The PCRA court held a hearing on December 14, 2020.  On December 18, 2020, the PCRA court entered an Order granting Copenhaver relief on his claim of ineffective assistance of counsel. Specifically, the PCRA court concluded that Attorney Royer's failure to file a conforming **Anders** Brief or file a brief on the substantive merits of

---

[3] This Court noted that Attorney Royer's **Anders** brief failed to refer to anything in the record that counsel believed arguably supported Copenhaver's appeal, and did not state counsel's reasons for concluding that the appeal was frivolous beyond an undeveloped assertion that contained no citation.  Order, 5/1/20, at n.1.

Copenhaver's appeal constituted ineffective assistance of counsel.[4]  As a result, the PCRA court reinstated Copenhaver's direct appeal rights, *nunc pro tunc*.  Further, the PCRA court directed Attorney Nell to either file an appellate brief or an **Anders** brief, because the trial court had already issued a Pa.R.A.P. 1925(a) Opinion addressing the issues that Copenhaver had previously raised on direct appeal.  The PCRA court also noted that "there is no merit to [Copenhaver]'s claim that Attorney Royer failed to raise meritorious issues on appeal."  PCRA Court Order, 12/18/20, at 4.  Copenhaver filed a timely Notice of Appeal, and a court-ordered Rule 1925(b) Concise Statement of matters

_____

[4] The PCRA court's Order also imposed a new sentence on his convictions for DUI, in light of our Supreme Court's holding in **Commonwealth v. Copenhaver**, 229 A.3d 242 (Pa. 2020).  There, Copenhaver appealed a 2017 conviction for DUI and related offenses, following a traffic stop by an Adams County Sheriff's Deputy, due to an expired registration.  Our Supreme Court concluded that an expired registration sticker, alone, did not constitute a breach of the peace necessary for a sheriff's deputy to invoke his common law authority to enforce violations of the Vehicle Code.  **Copenhaver**, 229 A.3d at 246-47.  This Court subsequently vacated Copenhaver's judgment of sentence for the 2017 DUI conviction.  **Commonwealth v. Copenhaver**, 238 A.3d 509 (Pa. Super. 2020).  Accordingly, the PCRA court imposed a new sentence for Copenhaver's instant DUI convictions, as they were now graded as his first and second offense, respectively.  PCRA Court Order, 12/18/20, at 1-2.

complained of on appeal.[5]

Copenhaver raises the following question for our review:

Did the [PCRA c]ourt error [*sic*] in determining that there was no merit in Copenhaver's assertion that his attorney was ineffective in not filing an appeal on the issue of double jeopardy[,] when both cases were based on the same facts[;] Copenhaver asked his attorney to file an appeal on the issue of double jeopardy[;] and Copenhaver's attorney did not file the appeal on the double jeopardy issue?

Brief for Appellant at 6.

Copenhaver argues that his trial counsel was ineffective in failing to appeal the trial court's determination that his two DUI arrests were separate criminal incidents, rather than one continuing criminal incident. *Id.* at 14-17. Copenhaver asserts that, because Officer Hilliard "coordinated the continuation of the chase by notifying dispatch … and contacting the 911 center[,]" and because Officer Hilliard took Copenhaver for blood testing after Officer Goodling had arrested him, the two chases should have been

_____

[5] Copenhaver's Notice of Appeal contained both trial court docket numbers. On April 1, 2021, this Court issued a Rule to Show Cause as to why the instant appeal should not be quashed pursuant to **Walker**. On the same day, Copenhaver filed a Response, indicating that he had filed two separate Notices of Appeal, one at each docket number, with both Notices of Appeal listing both docket numbers. **See** Response, 4/1/21, at 1-2. Copenhaver attached to his Response copies of two separately-filed Notices of Appeal, with the appropriate docket number circled on each copy. **See id.** at Exhibit 5. This Court has concluded that such filings do not violate the rule stated in **Walker**. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (stating that four separate notices of appeal were compliant with **Walker** where each notice of appeal included all four trial court docket numbers, and that "each notice of appeal list[ing] all four docket numbers does not invalidate his notices of appeal").

considered one ongoing DUI incident. *Id.* at 16-17. Copenhaver also claims that two separate prosecutions for DUI were inappropriate, because there was only one blood sample taken, after the second chase. *Id.* at 16. Finally, Copenhaver points out that Attorney Royer's failure to file a requested appeal including this issue constituted ineffective assistance of counsel. *Id.* at 15.

> We review an order [addressing] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically,

> [t]o be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, ... 30 A.3d 1111, 1127 (Pa. 2011)

- 7 -

(employing ineffective assistance of counsel test from **Commonwealth v. Pierce**, ... 527 A.2d 973, 975-76 (Pa. 1987)). Counsel is presumed to have rendered effective assistance. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the Pierce prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

**Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015) (footnote and some citations omitted).

In this case, the PCRA court addressed Copenhaver's argument that his counsel had provided ineffective assistance by failing to raise a double jeopardy argument as follows:

> The double jeopardy provisions [of] the United States and Pennsylvania Constitutions prohibit multiple prosecutions for the same offense. **Commonwealth v. States**, 891 A.2d 737, 741 (Pa. Super. 2005). For the double jeopardy protections under the Pennsylvania Constitution to apply, a defendant must be charged with criminal conduct from the same criminal episode or conduct as a previous prosecution. **Commonwealth v. Schmidt**, 919 A.2d 241, 245 (Pa. Super. 2007). In determining whether charges are logically related to each other, the court should look to see if there is a substantial duplication of factual or legal issues presented. **Id.** at 246[.]

> Prior to trial [Copenhaver]'s former counsel, [] Sean Mott, [Esquire,] moved to dismiss duplicative counts. On April 15, 2019, th[e trial c]ourt denied said [M]otion and articulated that these were two separate and distinct criminal incidents, involving two separate police departments and two distinct police chases. The same logic holds true on appeal.

> The factual history shows that [Copenhaver] engaged in two separate and distinct criminal incidents. [Copenhaver] successfully evaded capture by Officer Hilliard after fleeing from Officer Hilliard's pursuit and even stopped and exited his vehicle

when [Copenhaver] visited [] Rose. An hour later, [Copenhaver] then led Officer Goodling on a second police chase before he was eventually apprehended. Both incidents took place over an hour apart from one another, involved ample amount [*sic*] of time for [Copenhaver] to leave his vehicle, visit [] Rose and to then return to the vehicle before being pursued for a second time. The incidents involved multiple police departments across multiple jurisdictions.

[Copenhaver] seems to suggest his protection from "double jeopardy" rights were violated as he was charged for DUI for the first chase and the second offense DUI for the second chase, all occurring on one night. Such a claim is meritless. Consider the situation where a defendant is arrested for DUI without incident. Following arrest, that defendant is released and an hour later is seen driving again. The defendant is arrested and charged for a second offense DUI on the same night. There is no double jeopardy issue if defendant is tried for both DUI offenses. The circumstances here are no different except instead of an arrest after the first chase, there was a pause in [Copenhaver]'s driving when he visited a friend's house before driving the second time. [Copenhaver] was charged, tried and convicted of [DUI] two times on a single night. There is no double jeopardy issue.

As such, it was and remains clear to th[e PCRA c]ourt that [Copenhaver's] claim of double jeopardy has no merit. Attorney Royer stated at [Copenhaver]'s PCRA [h]earing that he did not raise the double jeopardy issue on appeal because he believed it to be meritless. As [a]ppellate [a]uthority is clear, Attorney Royer cannot be held ineffective for failing to raise the double jeopardy issue as it did not have merit. Because it is clear to th[e PCRA c]ourt that the issue of double jeopardy is meritless, and Attorney Royer agreed with this reasoning by not raising it on appeal, the first prong of the ineffective counsel test has not been met.

PCRA Court Opinion, 2/3/21, at 9-10.

We affirm on the basis of the PCRA court's Opinion, as set forth above, with the following addendum. The record confirms that Copenhaver led officers on two separate police chases: the initial chase with Officer Hilliard, in which Copenhaver eluded capture after Officer Hilliard's vehicle was

damaged; and a second chase with Officer Goodling, approximately one hour later, which ended after Copenhaver's vehicle became disabled. *See* N.T., 5/30/19, at 32-46 (wherein Officer Hilliard describes the first chase); *id.* at 82-110 (wherein Officer Goodling describes the second chase and Copenhaver's apprehension). The record further reflects that, in between the two separate chases, Copenhaver visited Rose at his residence, where he briefly discussed the first chase with Rose before departing. *Id.* at 67-70 (wherein Rose describes his conversation with Copenhaver). *Cf. Commonwealth v. Bezick*, 207 A.3d 400 (Pa. Super. 2019) (holding that appellant's double jeopardy rights were violated when she was convicted of multiple counts of DUI after she struck another vehicle, immediately fled the scene, and was pulled over and arrested about 1.5 miles away from the accident scene); *cf. Commonwealth v. Kimmel*, 125 A.3d 1272 (Pa. Super. 2016) (stating that the appellant committed separate criminal acts when police pursued and stopped the appellant, the appellant reentered his truck and drove away using a second set of keys, and police stopped appellant a second time and arrested him).

Accordingly, because the trial court properly found no arguable merit to Copenhaver's double jeopardy claim, Attorney Royer was not ineffective in failing to challenge that determination on direct appeal. *See Treiber*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/09/2021