J-S39005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LATIEF S. YOUNG | : | |
| | : | |
| Appellant | : | No. 3219 EDA 2018 |

Appeal from the PCRA Order Entered October 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012238-2012

BEFORE: LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:         **FILED NOVEMBER 24, 2020**

Latief S. Young appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that Young's *pro se* brief falls well below the standards delineated in the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2111(a); Pa.R.A.P. 2116; Pa.R.A.P. 2119; Pa.R.A.P. 2131. "[Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court." **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted). While we could quash or dismiss this appeal for Young's failure to conform materially to the requirements set forth in our Rules of Appellate Procedure, **see** Pa.R.A.P. 2101, we will address the merits of Young's arguments regarding ineffective assistance of counsel and a

This case involve[s] an incident that occurred in Philadelphia sometime between November 2011 and December 2011. The victim, [K.C.], a 9[-]year[-]old child at the time of the incident, testified at trial that on the date of the incident, she was riding home from a Chinese store with her step-father, grandmother, and her step-father's friend, [Young]. [K.C.] was required to sit in the back seat, on [Young's] lap, because her step-father's wheelchair occupied the other back seat. [Young] and [K.C.] had not met prior to the day of the incident.

[K.C.] testified that once she was seated on [Young's] lap, he unbuttoned her pants and . . . ["]touched her." [K.C.] stated that [Young] stuck his hand under her underwear and was moving his hand "[in circles] in between the lips [of her vagina]." [Young] repeatedly asked [K.C.] whether she was okay. . . . As soon as [Young] was finished, [K.C.] testified that she moved herself on to the front of the car, in between her step-father and grandmother. Once in the front seat, [K.C.] explained that she zipped up and buttoned her [pants]. Two or three days later, [K.C.] told her step-father and mother about what happened. Her mother[] told her father what had happened to [K.C.] a few days later.

Once school was back in session, [K.C.] talked to a school counselor, Ms. [Keyon] Nguyen about what occurred between [Young] and [herself]. Ms. Nguyen testified that [K.C.] visited her office on March 21[,] 2012 to discuss the incident in detail. [K.C.] told Ms. Nguyen that her step-father's friend, [Young], "unbuttoned her pants and put his hands inside of her and felt her and then stuck his fingers inside of her." Ms. Nguyen explained at trial that [K.C.] told her that she tried to tap on her step-father's seat, but the music was too loud and he did not hear her. According to Ms. Nguyen, [K.C. told her] that the incident had occurred in a handicapped van and once the incident was over, [Young] had asked to be let out of the vehicle.

[K.C.'s] mother[] testified that both [K.C. and K.C.'s grandmother] told her about the incident. [Mother] testified that

_____

violation of the Double Jeopardy Clause of the United States Constitution, to the extent we can discern them. *See Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (declining to quash appeal despite numerous substantial defects in appellant's brief).

although [K.C.] had made up some stories in the past, she has never lied about anything serious. Sometime in February 2012, [Mother] spoke [to K.C.'s father] about the incident, telling him that [Young] touched [K.C.'s] genitals over her clothes [and that] the incident had been reported to police. When [he] asked [K.C.] about the incident, she confirmed the line of events.

At trial, [Young] gave a different account of what happened on the day of the alleged incident. [Young] stated that on that day, he did in fact ride in a car with [K.C.], her step-father[,] and her grandmother to a local Chinese store. [Young] stated that they were all riding in an "old classic car," which matched [K.C.'s] description and testimony at trial. According to [Young], [K.C.] did sit on his lap, but only because there was nowhere else for her to sit due to the driver's wheelchair. [Young] denied ever inappropriately touching [K.C.], stating that he did not unbutton her pants or put his hand down them. [Young] stated that he was completely shocked and hurt when he found out he was being accused of the alleged assault.

Trial Court Opinion, 9/30/14, at 2-4.

Young was found guilty of aggravated indecent assault of a child and corrupting the morals of a minor on January 2, 2014. On May 28, 2014, the trial court imposed a mandatory minimum sentence of ten to twenty years' imprisonment. On direct appeal, Young challenged the weight and sufficiency of the evidence; this Court affirmed Young's convictions, but vacated his judgment of sentence in light of **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014) (finding applicable mandatory minimum sentencing statute, 42 Pa.C.S.A. § 9718, facially unconstitutional). **See Commonwealth v. Young**, 1653 EDA 2014 (Pa. Super. filed Mar. 18, 2015) (unpublished memorandum decision). On August 3, 2016, the trial court resentenced Young to a term of seven to twenty years' imprisonment for aggravated

indecent assault of a child, followed by five years of reporting probation for corrupting the morals of a minor.

On March 2, 2016, Young filed a *pro se* PCRA petition. On June 9, 2017, following the appointment of PCRA counsel, Young filed an amended PCRA petition. After the Commonwealth filed a response on February 1, 2018, requesting that the amended petition be dismissed without a hearing, Young filed three supplemental PCRA petitions.

On October 11, 2018, the PCRA court held an evidentiary hearing regarding Young's claims that the Commonwealth failed to establish jurisdiction at trial and that Young's trial counsel was ineffective for failing to raise that issue. Following the hearing, the PCRA court dismissed Young's petition. Young filed a timely notice of appeal on November 5, 2018. Both he and the PCRA court complied with Pa.R.A.P. 1925.[2] Young raises the following issues for our review:

> 1. Whether [trial counsel was ineffective for] failing to conduct the proper research . . . [and] exhibit such skill, prudence, and

---

[2] We hereby grant Young's *pro se* application to strike the Commonwealth's appellate brief pursuant to Pa.R.A.P. 121 where the Commonwealth provided no proof of service thereof. *See id.* (copies of all papers filed by any party shall, concurrently with their filing, be served on all other parties); *see also* Brief of Appellee, at 8, n. 2 ("[Young] is not subject to electronic service[.] . . . [T]he Commonwealth checked off mail service so the system would allow it to timely file its brief remotely during the COVID-19 quarantine. The [Commonwealth] will make every attempt to mail a copy [] to [Young] as soon as practicable."); Application to Strike Appellee's Brief and Notice of Default, 8/10/2020, at 8-9 (averring that Young never received copy of Commonwealth's appellate brief).

diligence as lawyers of ordinary skill and capacity commonly possess [] in the performance of [his representation of Young.]

2. Whether[] the trial court made mistakes of law imposing an unlawful sentence in adding a "five year probation" [period] to a sentence of incarceration [for] 7-20 years . . . which equates to Double Jeopardy.

Brief of Appellant, 11/20/19, at 7-8 ("Statement of Issues Presented for Review").[3]

---

[3] Pursuant to Pa.R.A.P. 2116, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a); *see also Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (appellant's duty is to present arguments sufficiently developed for our review; brief must support claims with pertinent discussion, references to record, and citations to legal authorities; we will not act as counsel and will not develop arguments on behalf of appellant).

Thus, we will not address Young's attempt to argue that the trial court violated his right against self-incrimination or the Pennsylvania Rules of Evidence by admitting his testimony at trial. *Id.* *See* Brief of Appellant, at 29 (argument limited to vague description of Fifth Amendment and Pa.R.E. 403). Similarly, we will not address: (1) Young's apparent attempt to raise a weight of the evidence challenge by referencing, in passing, the "weight" given to K.C.'s "unsupported allegations," *see* Brief of Appellant, at 10-11; or (2) Young's possible challenge to the sufficiency of the evidence by noting that the prosecution failed to produce video evidence of the crime, *see id.* at 6-7. Pa.R.A.P. 2116(a). If we were to do so, we would find each of those claims waived, as they are woefully undeveloped in his appellate brief. *See* Brief of Appellant, at 10-11, 29; *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well[-]settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

In his first issue, Young argues that trial counsel was ineffective for failing to "extract critical information" from him prior to trial. *Id.* at 9. No relief is due.[4]

It is well-established that counsel enjoys a presumption of effectiveness, and it is the PCRA petitioner's burden to overcome that presumption. *Commonwealth v. Brooks*, 839 A.2d 245, 248 (Pa. 2003). In order to establish ineffective assistance, a petitioner must show that his claim is of arguable merit, his counsel's performance lacked a reasonable basis, and counsel's performance caused him prejudice—i.e., but for counsel's error, the outcome of the proceeding would have been different. *Id.*

> **Counsel has a duty to undertake reasonable investigations** or to make reasonable decisions that render particular investigations unnecessary. An evaluation of counsel's performance is highly deferential, and the reasonableness of counsel's decisions cannot be based upon the distorting effects of hindsight. Furthermore, **reasonableness in this context depends, in critical part, upon the information supplied by the defendant**.

*Commonwealth v. Basemore*, 744 A.2d 717, 735 (Pa. 2000) (emphasis added).

Young submits that, had trial counsel "effectively researched the case by extracting critical information from [Young during the] interview process,

_____

[4] Here, any argument that trial counsel was ineffective for failing to object to unspecified "hearsay" or properly "impeach" K.C.—which includes no references to the record—is waived by virtue of being undeveloped to the point of impeding meaningful review. *Clayton*, *supra*; *Hardy*, *supra*; Pa.R.A.P. 2119(a)-(c). *See also* Brief of Appellant, at 10-11.

he would have discovered that [Young] was actually in New Jersey in the months of November and December 2011, [which] constitutes an [a]libi [d]efense" and creates "reasonable doubt" about his "presence at the crime scene." Brief of Appellant, at 9. This claim is devoid of arguable merit, however, where Young admitted at trial, under oath, that he was, in fact, riding with K.C. on his lap in the backseat of her step-father's van on the date he allegedly molested her. N.T. Trial, 1/2/14, at 89-92.

> **Having freely and deliberately chosen to offer testimony which he now asserts was false, [Young] stands before this Court and attempts to reap a windfall new trial on account of his own perjury.** The criminal justice system cannot and will not tolerate such an obvious and flagrant affront to the integrity of the truth determining process **thinly disguised under the rubric of "ineffective assistance."** . . . To hold otherwise would create a situation wherein a defendant, by design, could build into his case ineffective assistance of counsel claims, thus guaranteeing himself a basis for a new trial if the verdict were adverse to him.

***Commonwealth v. McNeil***, 487 A.2d 802, 807 (Pa. 1985) (internal citations and quotations omitted) (emphasis added).

Counsel cannot be deemed ineffective for failing to "discover" that Young was not present at the scene of the alleged crime when Young himself testified that he was, in fact, present. Accordingly, Young has failed to prove ineffective assistance of counsel. ***Id.***; ***Brooks***, ***supra***; ***Basemore***, ***supra***.

Next, Young claims that his consecutive sentences of seven to twenty years' imprisonment for aggravated indecent assault of a child and five years'

probation for corrupting the morals of a minor violate the Double Jeopardy Clause of the United States Constitution. Brief of Appellant, at 23-26.

We note that Young's double jeopardy argument, which was not presented to the trial court, cannot be considered waived. "[A]n argument premised upon double jeopardy-merger principles is considered to relate to the legality of sentence." ***Commonwealth v. Foster***, 960 A.2d 160, 164 (Pa. Super. 2008), *aff'd*, 17 A.3d 332 (Pa. 2011). Legality-of-sentence issues cannot be waived. ***Id.***

> Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*. . . . [Similarly, i]n reviewing a constitutional claim, we face a pure question of law, for which our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 886 (Pa. Super. 2019) (internal citations and quotation marks omitted).

Young submits that the trial court imposed multiple punishments for the same offense, in violation of the Double Jeopardy Clause, by sentencing Young to a term of five years' probation for corrupting the morals of a minor following his seven to twenty year sentence for aggravated indecent assault of a child. Brief of Appellant, at 24-25.

Double jeopardy is violated where a defendant receives two separate punishments for the same offense. ***Commonwealth v. Farrow***, 168 A.3d 207, 214 (Pa. Super. 2017). Double jeopardy is not violated by the imposition of separate sentences for separate crimes. ***Id.***

To determine whether a defendant's protection against multiple punishments for the same offense has been violated, this Commonwealth applies the test set forth in **Blockburger v. U.S.**, [284 U.S. 299 (1932)]. The U.S. Supreme Court explained this test as follows:

[W]here the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. The same-elements test, sometimes referred to as **the "*Blockburger*" test, inquires whether each offense contains an element not contained in the other**; if not, they are the 'same offen[s]e' and double jeopardy bars additional punishment and successive prosecution.

**Commonwealth v. Jackson**, 10 A.3d 341, 345 (Pa. Super. 2010) (internal citations omitted).

Here, Young was convicted of aggravated indecent assault of a child and corrupting the morals of a minor. Corrupting the morals of a minor is defined under the Crimes Code as "any act" by an individual 18 years or older that "corrupts or tends to corrupt the morals of any minor less than 18 years of age." 18 Pa.C.S.A. § 6301(a); **see also Commonwealth v. Slocum**, 86 A.3d 272, 277 (Pa. Super. 2014) ("[A]ctions that tend[] to corrupt the morals of a minor [are] those that []would offend the common sense of the community and the sense of decency, propriety[,] and morality which most people entertain."). On the other hand, the elements of aggravated indecent assault of a child include, *inter alia*: (1) penetration of the genitals or anus; (2) of a complainant less than 13 years of age; (3) for a purpose other than good faith medical, hygienic, or law enforcement procedures; (4)

without the complainant's consent, or by forcible compulsion or threat thereof, or where the complainant is unconscious, substantially impaired, or mentally incapable of consenting. *See* 18 Pa.C.S.A. § 3125. Because each crime contains at least one different element,[5] they are separate offenses for which separate punishments are proper under the Double Jeopardy Clause. *Jackson*, *supra*.

Young is not entitled to relief. We therefore affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2020

---

[5] The crime of corrupting the morals of a minor requires proof of an act that would offend the common sense of community and the sense of decency, propriety, and morality of most people, which aggravated indecent assault does not. Conversely, the crime of aggravated indecent assault requires specific proof of penetration of the genitals or anus of the complainant, which corrupting the morals of a minor does not. *See* 18 Pa.C.S.A. § 6301(a); *cf.* 18 Pa.C.S.A. § 3125.